# SUPREME COURT.

## ELIAS DURKEE and others vs. THE SARATOGA AND WASHINGTON RAIL ROAD COMPANY.

The objection that the complaint does not contain facts sufficient to constitute a cause of action, may be raised by a demurrer which merely specifies the ground of objection, in the language of the statute. (See *Glenny* v. *Hitchins*, *ante*, p. 98, which seems to hold adversely on this point.)

Separate causes of action, all arising out of the same class, may be united in the same complaint, provided they are *separately stated.*

By the separate stating of the several causes of action, in the complaint, it is intended that there shall be a count for each cause of action, or what is equivalent thereto.

*Washington Special Term, Dec.* 1849.—This is a demurrer to a complaint. The complaint alleges that at and before the committing of the

grievances in the complaint mentioned, the plaintiff was seized and possessed, in fee, of a certain lot and a store thereon, in the village of Fort Edward, in the county of Washington, in which store they carried on the general business of country merchants—that the defendants were, at the same time, possessed of certain lands near to and adjoining the said store and lot of the plaintiffs, for the use and occupation of the Saratoga and Washington rail road, and while so possessed, wrongfully and injuriously made, built and erected on the lands so possessed by the defendants, and on the south line of the lot so possessed by the plaintiffs, and near and upon said lot, and near said store, and upon and across a certain public highway, known as the Waterford and Whitehall turnpike, passing in front of said store and lot of said plaintiffs, an embankment for the track of said rail road of the elevation of nine feet, and the said embankment so erected, have wrongfully and injuriously hitherto kept up, by means of which the plaintiffs have been, during the whole time, greatly disturbed, injured and prejudiced in the possession, use and enjoyment of their said lot and store, and hindered and prevented from enjoying the same, in so ample and beneficial a manner as they otherwise might, could, would, or ought to have done, and also much injured in their business as merchants, and likely to lose great profits therein, for that by the means of the said premises, the means of approach to the said store and lot, and the situation and value thereof, have been greatly injured, and whereby the plaintiffs were compelled to raise and elevate their store, and put to great charges and costs about the same, and in grading the approaches to the same; and in raising the store, it was greatly damaged, and the plaintiffs claim $1500 damages.

The complaint was sworn to, 3d May, 1849.

The defendants have demurred to the complaint for the following grounds:

1. That several causes of action have been improperly united therein.

2. That the complaint does not state facts sufficient to constitute a cause of action.

W. L. F. WARREN, *in support of the demurrer*.

WAIT & PERRY, *for the plaintiffs*.

WILLARD, Justice.—The plaintiffs have united in the same complaint three substantive grounds of injury, viz.: one for the building an embankment on the defendants' own land, one for building an embankment on the highway near the plaintiffs' store, and a third for erecting an embankment on the plaintiffs' land. These injuries are not separately stated but blended together, and the defendants have demurred for that cause.

By section 142 of the code, the complaint is required to contain a statement of the facts constituting a cause of action, in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended. The 167th section provides for uniting, in the same complaint, several causes, where they all arise out of the same class ; and of these classes, seven are specified; but the causes of action so united, must all belong to one only of these classes, and must affect all the parties to the action, and not require different places of trial, *and must be separately stated.* The commissioners, doubtless, had their eye upon actions at law when they framed the 167th section. They have not limited, and probably did not intend to limit the number of civil actions, as they are defined in sections 2, 4 and 5 to 7. There are other remedies, well known to our jurisprudence for ages, and which still exist, that cannot be comprised in either of the seven specified in section 167. The action for a divorce or limited separation, *a mensa et thoro,* for example, could not be united with an action upon a promissory note. All that is settled by section 167 is, that in the seven cases there specified, several causes of action may be united in the same complaint, if the rules prescribed for that purpose in that section be observed.

Among these rules for the joinder of actions are the following, viz. : " that the causes so united must all belong to one only of these classes," &c., " *and must be separately stated.*" The causes united in this complaint all belong to one class, to wit, number three, but they are not separately stated. This is made a distinct cause of demurrer, by § 144, sub. 5, of the Code of Procedure.

The 150th and 151st sections throw some light on this question. By those sections, the defendant is allowed to set forth by answer as many defences as he shall have. They must be separately stated, and refer to the causes of action which they are intended to answer. The defendant is allowed to demur to one or more of the several causes of action stated in the complaint, and answer the residue. From these provisions, in connection with the foregoing, it is obvious that the code intended that each cause of action should be embraced in a single count in the complaint, and that there should be as many counts as there are causes of action. Had the old phraseology, with which the profession was familiar, been retained, fewer mistakes would have been made in this respect. The requirement, that the several causes of action must be separately stated in the complaint, is precisely equivalent to the requirement of a distinct count in a declaration for each cause of action. Without such separation, the defendant cannot have the benefit of a separate answer or demurrer.

Nor can there ever be such an issue framed, as to enable the court and jury to try it in an intelligible manner. Under the former system of pleading, the uniting of several causes of action in the same count, was a ground of demurrer. (See 1 Chitty Pl. 200, *et seq.*, 390 to 398; Gould's Pl. ch. 4, §§ 2, 3, 4, &c.; and see 10 Wend. 324.) Each count was required, singly to contain a good cause of action, and unless it did so, it was defective, (id.) Formely the causes of action stated in this complaint could not be joined in the same declaration, even in separate counts. (See Chitty Pl. and Gould Pl. *supra.*) By section 167 of the code, they may be united in the same complaint, if separately stated; that is, according to the ancient mode of expression, if each separate cause of action is confined to a single count.

The plaintiff's counsel denies that there is more than one cause of action set up in the complaint. They insist that the allegation that the defendants built the embankment on their own land, on the highway or turnpike, and on the plaintiff's land, is merely descriptive of its locality, and that the gravamen of the action is the consequential injury. If this were so, there would be a good ground of demurrer before the code for a misjoinder, because the statute, (2 R. S. 553, § 16,) allowing case to be brought instead of trespass, does not apply to injuries to the freehold. (See 10 Wend. 324.) For those, the remedy was left as at common law. If, then, here is a misjoinder at common law, it is because trespass and case were united in the same declaration, contrary to well-settled practice. (1 Ch. Pl. 197; 2 Saund. 117, c. e.) If trespass and case could not be united in the same declaration, before the code, though in different counts, they cannot be united in the same action now, unless they are *separately stated*, that is, set forth in different counts.

If the complaint had conceded that the embankment was *rightfully* built, and had claimed damages only for the unskilful or improper manner of its construction, the jury would not be warranted in giving damages for the entry on the plaintiff's lot. But the complaint states that it was *wrongfully* built, as well on the plaintiff's as on the defendants' lot. Thus it opens the case for proof of damages for the unlawful entry on the plaintiff's land, as well as for the consequential injury resulting from its erection on the defendants' own land and on the turnpike.

The second ground of demurrer is that the complaint does not contain facts enough to constitute a cause of action We are here met, in the threshold, with the objection that the demurrer does not *distinctly specify* the grounds of objection to the complaint, as required by § 145. There is an intimation by SILL, J., in *Glenny* v. *Hitchins*, 4 How, Pr,

R. 98, that a demurrer in this form, without specifying wherein the complaint fails to set forth a cause of action, is insufficient; but the point was not necessary to be decided in that case, and the demurrer was in fact overruled upon the merits. But in *De Witt* agt. *Swift et al.*, 3 How. Pr. R. 281, the question arose, before GRIDLEY, J., on motion to set aside a judgment, which a plaintiff had entered in disregard of a demurrer, setting forth, as required by § 144, sub. 6, that "the complaint does not state facts sufficient to constitute a cause of action." The plaintiff insisted that he had a right to disregard the demurrer on account of its generality; and that the demurrer was a nullity because it did not distinctly specify wherein the complaint failed to set forth a cause of action. But the learned judge set aside the judgment as irregular, thus holding that a demurrer assigning as the ground of it, the reason stated in the 6th subdivision could not be treated as a nullity. There is nothing in the code which requires the party demurring to specify the ground of his demurrer, more distinctly than to indicate to which of the six classes it belongs. That is all that can be necessary for the information of the adverse party, with respect to the first and sixth grounds of demurrer, neither of which are waived by answering over without objection. It would lead to great prolixity, in many cases, if the reasons for saying that the complaint does not state facts sufficient to constitute a cause of action, were required to be set forth—a demurrer would assume the form of a brief for counsel rather than a pleading, under such construction of the section. I am satisfied that the objection that the complaint does not state facts sufficient to constitute a cause of action may be raised by a demurrer which merely specifies that ground of objection, in the language of the statute.

The objection to the complaint is that it does not appear how an embankment on the turnpike road can injure the plaintiffs. It is not shown that the turnpike road was the necessary way to the plaintiffs' lot and store. It is stated, indeed, that the turnpike road is in *front* of the store, but whether a hundred rods in front or immediately adjacent, is not shown. Nor is it shown how the erection of an embankment on the defendants' own land, can be unlawful; or how it can injure the plaintiffs' business. The complaint takes for granted that the defendants are a corporation, and that they have a rail road, and the court is bound to take notice of the act of incorporation. The act, § 13, (L. of 1834, p. 442,) authorizes the defendants to cross any public highway, they restoring it in a sufficient manner not to impair its usefulness. The act thus legalizes the crossing the highway so far as the public is concerned, but does not exempt the defendant from the consequential injury resulting to others. But that

injury must be so alleged that the court can see that it resulted from the act of the defendants. (See *Fletcher* v. *The A. & S. Rail Road*, 25 Wend. 462.) In the case cited, the embankment was stated to have obstructed the passage of the plaintiff from his lot to the street, to which it was adjoining, and that it turned the water into his cellar, so as to injure and impair his cellar-wall and basement, and greatly depreciate the value of his premises. Here the court could not fail to see that the plaintiff sustained a particular injury from the erection of the defendants. But in the present case, there is no such obvious connection between the building of the embankment on the highway and the injury to the plaintiff's business as merchants. It is not stated that their store adjoined the turnpike, or that the passage over the turnpike was necessary to approach the store. If they mean that their mercantile business was injured, in consequence of the increased facilities afforded by the railroad to reach a better and a larger market, the loss which they sustain is one for which the law affords no redress. It is *damnum absque injuria*. It is merely the common loss which some portions of the country temporarily sustain by the construction of rail roads and canals. The opening of commercial facilities to one part of the country, not unfrequently affect injuriously, the business of other places. But it has never been supposed that an action could be sustained for an injury of that character.

The defendants are entitled to judgment on the demurrer for the reasons before stated, with leave for the plaintiffs to amend their complaint; as the defect in this case arose out of a misapplication of the principles of the code to the former mode of pleading, and as the plaintiffs may have been prevented from amending when the demurrer was served, in consequence of the dictum in *Glenny* v. *Hitchins*, *supra*, that the demurrer was void for its generality, I shall allow the plaintiffs to amend without costs.

Judgment for the defendants on the demurrer to the complaint, with leave to amend without costs.