## SUPREME COURT.

### PECKHAM agt. SMITH.

Where the charter of an incorporated company by its provisions makes a stockholder, under certain circumstances, personally liable for its debts, a *judgment* previously recovered against the corporation is *prima facie* evidence of a debt against the stockholder individually. (*The doctrine contained in Slee agt. Bloom, 20 John. 669, and Moss agt. McCullough, 7 Barb. 279, concurred in.*)

It is therefore sufficient to aver in a complaint in an action against the stockholder personally, the recovery of a judgment against the corporation, and the other facts on which the liability of the defendant under the statute attached, without alleging the consideration and circumstances of the *original indebtedness.*

Where several stockholders in an incorporated company in good faith subscribe and pay over in money their subscriptions for the purpose of increasing the stock of the company, and the company fail in carrying out that purpose; an obligation on the part of the company implied by law to refund such subscriptions is thus created; and is a claim by such stockholders, arising *ex contractu,* and therefore assignable and capable of enforcement by the assignee in his own name.

Where several causes of action of the same nature are properly united in the same complaint, but are *not separately stated,* the defect can not be reached by demurrer. (*The cases holding the contrary view, not concurred in.*)

D. WRIGHT, *for defendant.*
P. GRIDLEY, *for plaintiff.*

BACON, Justice. In the view which I take of this case, it will not be necessary to follow the line of the ingenious argument of the counsel of the defendant, or to consider his objections to the complaint in the order of the demurrer. The gravamen of the complaint, as I understand it, is this: On the 9th of June, 1853, the plaintiff recovered in the supreme court a judgment against the Utica Iron Manufacturing Company for the sum of $5,581.54, which included, doubtless, the costs of entering and docketing the same, founded on an indebtedness alleged to exist against them in favor of the plaintiff. At the time of the accruing of the indebtedness, on which was predicated the recovery of this judgment, and up to the time of the

commencement of the present suit, the defendant was a trustee of the said iron manufacturing company. He was such trustee, indeed, from the organization of the company in November, 1849, to the time above mentioned.

By the 12th section of the act of February, 1848, authorizing the formation of corporations for manufacturing, mining and other purposes, under which the company above named was organized, it is made the duty of every such company within twenty days from the 1st of January in every year, to make and publish a report stating the amount of their capital, &c., and to file the same in the office of the clerk of the county in which the business of the company shall be carried on. It then provides that if any company shall omit to make such report, all the trustees of the company shall be jointly and severally liable for all the debts of the company then existing, and for all that shall be contracted before such report shall be made. The complaint avers that the defendant omitted to make the report thus required, and that no such report was ever made, published or filed by the trustees, as required by the act, from the organization of the company to the present time: that in consequence of this omission the defendant became individually liable for all the debts of the company as trustee, and the plaintiff claims judgment for $5,572.38, being the judgment aforesaid, deducting, as I understand, the costs of its recovery.

No report having been made up to the time of the commencement of this suit, the defendant, by the operation of this section of the act of 1848, was liable for all debts contracted by the company until a report should be thereafter made. And when the suit was commenced, the plaintiff held a judgment recovered in his own name against the company. Was the existence of this judgment, then, sufficient evidence of a debt contracted and existing against the company, so as to charge the defendant under the statute? It is not to be denied that there is a conflict of the authorities upon the point of how far a judgment is evidence of an indebtedness by the company in an action against a stockholder. I shall not attempt to reconcile them, but content myself with saying, that in my

judgment the doctrine first announced in the leading case of Slee agt. Bloom, (20 *John.* 669,) and reaffirmed in the more recent case of Moss agt. McCullough, (7 *Barbour*, 279,) has both weight of authority and principle to support it. The point decided in those cases is, that in an action against a stockholder, grounded on a special provision, rendering him liable in certain contingencies for debts contracted by the company of which he is a member, a judgment previously recovered against the corporation is *prima facie* evidence of a debt against the defendant, subject only to be impeached for collusion or mistake.

The case in 5 *Hill,* 131, in which COWEN, J., undertook to overthrow this principle, proceeded mainly upon the ground that a stockholder standing in this position was substantially a guarantor of a debt, contracted by the corporation, and was entitled to all the indulgence extended to parties occupying that relation; a doctrine the fallacy of which is conclusively shown by WILLARD, J., in the case above cited from Barbour, and entirely exploded by the judgment of the court in that case. If the principle thus finally established in the case in 7 *Barbour*, 279, is the true rule of law applicable to this case, then it was sufficient for the plaintiff to aver the recovery of the judgment against the company, and the other facts on which the liability of the defendant under the statute attached, to make good complaint, and all beyond this might be struck out as mere surplusage, and leave a perfect pleading.

But the plaintiff has proceeded further than this, and either because he supposed it might be necessary, or *ex majori cautela,* has gone back to the origin of the indebtedness, and averred when, and how, and upon what consideration it was created. The allegations on that subject are briefly that in March, 1851, the plaintiff, for the purpose of aiding to increase the capital stock, $25,000, subscribed the sum of $500, Dolphus Skinner $4,000, and Mary J. Munn $500, for the same object, payable in instalments, the last of which was due in April, 1852: that the said parties paid in their subscriptions on the same, and afterward Skinner and Mrs. Munn assigned their claims arising out of this payment of their subscriptions to the plaintiff, all .

which subscriptions it is averred were made and paid in the confidence that proper and legal steps had been taken to increase the stock of the said company; but, as the plaintiff avers, no legal proceedings to increase the stock were ever taken, and no certificate was made as required by law, and the complaint charges that the amounts paid on said subscription have been received and used by said company, and entirely absorbed in the payment of the debts of said company. This, then, is the demand which subsequently passed into the judgment set forth in the complaint, and this the mode of its creation and the shape of the indebtedness when the defendant made the default under which it is claimed his liability attaches. The substance of the transaction is, that money was paid into this company upon a consideration that has failed, thus creating an obligation implied by law to refund the same, a claim arising *ex contractu*, and therefore assignable and capable of enforcement by the assignee in his own name.

From this statement of the case as exhibited in the pleadings, it results, I think, that most of the grounds of objection urged against the complaint in the demurrer interposed by the defendant, a·d the argument by which the demurrer was sought to be sustained, are easily disposed of. Thus the objection grounded on an alleged defect of parties is entirely untenable. It proceeds upon the assumption that the claims in this case, existing originally in behalf of Skinner and Mrs. Munn, could not be assigned to plaintiff, they being demands not arising out of contract, and therefore within the restriction of § 111 of the Code. But unless I have wholly mistaken the nature of the transaction as it is described in the complaint, nothing can be clearer than that the transaction was one sounding in contract and not in tort, and the relief sought and demanded by the complaint was the specific sum for which the original judgment was recovered. If the plaintiff's attorney, through inadvertence or otherwise, issued his summons under the 2d subdivision of the 129th section of the Code, that may have furnished a good reason for setting aside the complaint on motion as not conforming to the process, but has nothing to do with

Peckham agt. Smith.

the questions arising upon the pleadings in this stage of the cause.

Under the fourth alleged ground of the demurrer it is insisted the complaint is defective in not averring that either of the subscriptions were paid *in money*, and it is claimed that inasmuch as the statute requires that payment for stock shall be in money only, that the pleading should allege the fact of payment in the precise words of the statute, thus excluding the possible conclusion that it was made in anything else. I do not conceive that this great nicety is necessary. The fact is alleged that the parties subscribed so many dollars to the increased stock, that the subscriptions *were paid*, and that the amounts paid were received by the company, and used and absorbed in the payment of their debts. This I regard as in substance an allegation of a payment in money sufficiently specific to meet the requirements of the Code in respect to pleadings.

The only ground of demurrer in respect to which I have had any serious difficulty is the second, which is, that several causes of action have been united without being separately stated. It is insisted that the claim of plaintiff, under his subscription and that arising out of the demand assigned by Skinner and Mrs. Munn to the plaintiff, each constitute a separate and distinct cause of action, which, by § 167 of the Code, were required to be separately stated. It is quite clear that these are causes of action of the same nature which can all be united in the same complaint; and the only question then is, whether they should not have been separately stated, and if so, whether a demurrer will reach this defect. I am by no means sure that it may not be a sufficient answer to say, that the statements in the complaint setting forth these several claims are only by way of inducement to and explanatory of the composition of the judgment in which they were all ultimately merged, and which itself constitutes the real and substantive claim in this suit. But without insisting upon this as a conclusive answer, I am upon the whole disposed to hold that if a defect in the pleading, it is not one that can be reached by a demurrer. I am aware that there is very respectable authority

Peckham agt. Smith.

the other way; but when I look carefully at the 144th section of the Code, I am unable to perceive which of the six subdivisions can with any propriety be applied to the case. The fifth subdivision inhibits the improper union of several causes of action, but assuredly the causes of action in this complaint are among those which can be united with entire propriety, since they all arise out of contract and spring from the same transaction. The only objection is, that they are not separately stated; but this is the merest matter of form. It stands, or should stand, it seems to me, in the same category with an omission to number several defences where more than one is interposed, or to add a signature where it is necessary, or an omission in respect to other matters required by the Code, or the rules, to give symmetry and perfection to pleadings in their formal and technical aspect, but by no means essential to their completeness as to matters of substance. It is substance and not form that is to be reached by a demurrer. All else is subject to correction by the appropriate remedy of a motion, for which both the Code and the rules have made ample provision. It is not without hesitation that I dissent from the opinions of Justices WILLARD and HARRIS, who have held the defect here complained of to be capable of being reached and remedied by a demurrer. (4 How. 226; 8 id. 177; 9 id. 342.) There is, however, respectable authority on the other side, and the good sense of the thing seems to me clearly to sustain the conclusion to which I feel constrained to come.

There are no other points presented by the demurrer that I deem it necessary to notice, beyond the brief consideration I have given them in the course of this discussion, and the result is, that there must be judgment for the plaintiff on the demurrer, with leave to the defendant to answer upon payment of costs.