## SUPREME COURT.

### DANIEL D. DORMAN agt. JEPHTHA KELLAM.

Several causes of action upon promissory notes may be united in the same complaint. They are not improperly united simply because they are not *separately stated.* There can be no necessity for dividing an action upon two promissory notes, and making two separate actions of it.

If two distinct causes of action upon two promissory notes are united in the same complaint, the defendant cannot *demur* to it on the ground that the causes of action are not *separately stated,* or *plainly numbered.* His remedy is by *motion to set aside* the complaint. And the same remedy must be resorted to where the complaint does not name the county in which the plaintiff desires the trial to be had; or the omission to folio the complaint according to rule 41 of the court. (*The practice adopted in Benedict* agt. *Seymour,* 6 *How. Pr. R.* 298—*held to be correct; and the cases of Durkee* agt. *S. & W. R. R. Co.,* 4 *id.* 226; *Pike* agt. *Van Wormer,* 5 *id.* 171; *Getty* agt. *The H. R. R. R. Co.,* 8 *id.* 177; *Van Namee* agt. *Peoble,* 9 *id.* 198; and *Acome* agt. *The Am. Mineral Co.,* 11 *id.* 24—*which hold adversely upon this question, overruled*—MASON, J., *dissenting.*)

*Sixth District General Term, at Norwich, Oct.,* 1856.

DEMURRER to complaint.

1st. That several causes of action have been improperly united; and,

2d. That the causes of action are not separately stated.

Dorman agt. Kellam.

S. H. WHITE, *for plaintiff.*
C. H. BELL, *for defendant.*

By the court—BALCOM, Justice.   The only important ques-
tion in this case is, whether the complaint is demurrable, for
the reason that it contains two causes of action upon two
promissory notes; which causes of action are numbered, but
not separately stated, as they should be, according to rule 86
of the court. (*See Code,* § 167, *sub.* 7.)

Several causes of action are improperly united in a complaint
when they differ in character. (*Moore* agt. *Smith,* 10 *How. Pr.
Rep.* 361.)

To illustrate: A cause of action upon a promissory note,
and one for an assault and battery, cannot be united in the same
complaint. Such a complaint is demurrable. (*Code,* § 144, *sub.*
5.)   But several causes of action upon promissory notes may
be united in the same complaint. (*Code,* § 166, *sub.* 2.)   They
are not improperly united, simply because they are not sepa-
rately stated.   This is shown by § 172 of the Code, which
provides,—If the demurrer be allowed for the cause mentioned
in the fifth subdivision of § 144, the court may, in its discre-
tion and upon such terms as may be just, order the action to be
divided into as many actions as may be necessary to the proper
determination of the causes of action therein mentioned.   There
can be no necessity for dividing an action upon two promissory
notes, and making two separate actions of it.

Section 144 of the Code prescribes the causes for which the
defendant may demur to the complaint; and it is not made a
ground of demurrer that several causes of action in the com-
plaint are not separately stated or plainly numbered, as is
required by the last clause of § 167 of the Code, and rule 86 of
the court.   Hence, if two distinct causes of action upon two
promissory notes are united in the same complaint, the defend-
ant cannot demur to it on the ground that the causes of action
are not separately stated, or plainly numbered; but he must
make a motion to set aside the complaint for such cause.   The
omission to separately state several causes of action in the com-

plaint, or to plainly number them, is not the ground of a demurrer under the Code. Nor is the neglect to name the county in the complaint in which the plaintiff desires the trial to be had ; or the omission to folio the complaint according to rule 41 of the court, a ground of demurrer. (*See Code*, § 142, *sub*. 1.) The remedy of the aggrieved party for such matters is by motion. (*See Code*, § 160 ; *Boice* agt. *Brown*, 7 *Barb.* 80 ; 11 *How. Pr. R.* 89, 408, 567 ; 12 *id.* 22, 28, 48, 208.)

The correct practice was adopted in *Benedict* agt. *Seymour*, (6 *How. Pr. R.* 298,) where defences were struck out of an answer upon a motion for that purpose, because they were not separately stated according to the last clause of § 150 of the Code. (*See* 3 *Duer*, 645.) This practice was sanctioned in *Waller* agt. *Raskan*, (12 *How. Pr. R.* 28.) The case of *Landan* agt. *Levy*, (1 *Abbott's Pr. R.* 376,) does not necessarily conflict with the case of *Benedict* agt. *Seymour*, or *Waller* agt. *Raskan*, before cited.

I am compelled to differ with the learned justices who delivered the opinions in the following cases : 8 *How. Pr. R.* 177 ; 9 *id.* 198 ; 4 *id.* 226 ; 5 *id.* 171 ; 11 *id.* 27. These are all special term cases. We can, therefore, overrule them without creating much serious confusion in the practice ; and I think we ought to do so, because they do not harmonise with the mandates of the Code.

For these reasons the judgment of the special term should be affirmed, with costs. Judgment accordingly.

GRAY, Justice, delivered an elaborate opinion, by which he came to the conclusion that the judgment of the special term should be affirmed, with costs.

SHANKLAND, Justice, concurred. But MASON, Justice, dissented.