# SAMUEL N. BASS AND JOSHUA CLARK *v.* JOHN K. COMSTOCK.

*Pleading— Complaint—Joinder of Causes of Action—Demurrer—Motion to strike out Complaint.*

Distinct causes of action which may be united in the same complaint, must be separately stated, according to § 167 of the Code. But in such case distinct causes of action not being separately stated, the remedy is by motion, and not by demurrer.

An omission to separately state, by distinct counts in the same complaint, separate causes of action which may be joined in the same complaint, is not a misjoinder under § 172 of the Code.

MASON, J.—The demurrer in this case was properly stricken out, and judgment given for the Plaintiff. There is no misjoinder of causes of action. There are two causes of action upon two promissory notes, well stated in the complaint; but the accusation against the complaint, as I understand it, is that these causes of action are not separately stated, as required by section 167 of the Code. This section does declare that the causes of action must be separately stated; but the better opinion seems to be that such causes of action are not improperly united, simply because they are not separately stated by the pleader (Dorman *v.* Kellam, 14 How. Pr. R. 184 ; 1 New York Practice, 367 ; Gooding *v.* McAlister, 9 How. Pr. R. 123 ; Robinson *v.* Judd, 9 How. R. 378 ; Peckham *v.* Smith, 9 How. Pr. R. 436). These cases, and others which might be referred to, hold that a demurrer does not lie to a complaint for not separately stating two or more causes of action, they being such as might be properly united in one complaint, if properly and separately stated; but that the remedy of the Defendant is by motion.

The following are cases which hold that a demurrer for such a defect in the complaint will lie and is the proper remedy : 8 How. Pr. R. 177; 9 How. Pr. R. 198 ; 4 How. Pr. R. 226, 228 ; 5 How. Pr. R. 171 ; 11 How. Pr. R. 27. These cases hold that several causes of action are improperly united when they are not separ-

ately stated, as required by section 167 of the Code. The decided weight of authority in the Supreme Court, however, is the other way, and the better reason is that when the causes of action are such as may be united in the complaint, that a demurrer will not lie in such a case. It must be borne in mind that section 167 allows the causes of action upon these two notes to be joined in the same complaint, but it declares that they must be separately stated. If we turn to section 144 it will be seen that a demurrer can only be interposed for the causes stated in that section, none of which touch this case, unless it is the 5th sub. of that section, and which is, that several causes of action have been improperly united—that is, improperly united in the complaint. This section 144 states that the Defendant may demur to the complaint when it should appear upon the face thereof that several causes of action have been improperly united. Now, section 167 declares that these causes of action may properly be united in the same complaint, and the injunction imposed upon the pleader, that such causes of action should be separately stated, is a rule of pleading, and which has been violated where this is not done; but I am not able to perceive how it can be said that the causes of action have been improperly united in the complaint.

Now, section 144 does not say that a demurrer may be interposed to the complaint where there are several causes of action, which may be properly joined under section 167, because they are united in one count, and not separately stated. The demurrer is not given for uniting in one count separate causes of action, but for uniting in the complaint causes of action which it is not lawful under section 167 to unite in the same complaint. It is true the pleader in this case has violated a rule of pleading enjoined by this same section. It does not follow, however, that this demurrer can be maintained. There are other rules of pleading presented by the Code, the violation of which will not give the Defendant his demurrer.

This view is greatly strengthened by the last paragraph of section 172 of the Code, which makes it the duty of the Court, when a demurrer to the complaint shall be sustained, because of

Opinion by MASON, J.

the misjoinder of causes of action, to order them to be separated, and that they be proceeded with as separate actions.

I advise the affirmance of the judgment.

All affirm.