JOPHAT I. FREER, Respondent, *v.* ANTHONY S. DENTON et al., Administrators, etc., Appellants.

An action to recover back moneys paid upon a contract, repudiated by plaintiff on the ground of fraud, is an action upon contract. (LOTT, Ch. C., and GRAY, C., dissenting.)

Such a cause of action, therefore, and one to recover moneys paid, on the ground that defendant has refused to perform and has repudiated the contract on his part, can be united in the same complaint. (LOTT, Ch. C., and GRAY, C., dissenting.)

Where a complaint contains two such causes of action blended in one count, the plaintiff may recover without proof of the fraud alleged, as the objection that the causes of action are not separately stated can only be taken by motion. (LOTT, Ch. C., and GRAY, C., dissenting.)

In a contract for the sale of lands by defendant to plaintiff, the latter agreed to pay the balance of the purchase-money " on or before " a specified day ; and the latter, on receiving payment " at the time and in the manner " stated, agreed to execute a conveyance. *Held*, that plaintiff had the right to fix the time of performance at an earlier date than that specified, by a readiness and an offer to perform on his part; and he having so done, and defendant having, thereupon, refused to perform and repudiated the contract, that plaintiff had an immediate right of action.

As to whether, when, before the time fixed in a contract for its performance, one party gives notice to the other that he repudiates the contract and will not perform, the latter can treat the contract as broken and immediately commence an action for the breach, *quære.*

(Argued September 23, 1874; decided January term, 1875.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of the plaintiff entered upon a verdict.

The complaint in this action alleged that the parties, on the 13th day of May, 1869, entered into a contract which was set forth, by which defendant agreed to sell and to convey certain premises to the plaintiff at a specified price per acre, which plaintiff agreed to pay as follows : Ten dollars at the time of the execution of the contract, $800 July 1st, 1869, and the balance " on or before the 1st day of April, 1870." Defendant agreed, on receiving such payment at the time and in the manner mentioned, to convey the premises by warranty deed free of incumbrances. The complaint then set forth that plaintiff was induced to enter into the contract by means of various false and fraudulent representations on the part of defendant as to his title, and that relying on the same he paid the said sum of $800. That defendant was unable to, and expressly refused to, carry out the contract, and notified plaintiff that he would neither perform, nor pay back the money received, and judgment was demanded for the money so paid, and also for damages.

The answer put in issue all the allegations contained in the complaint, except the execution and delivery of the contract, and alleged readiness and willingness to perform, and an offer of performance on the part of the defendant.

The plaintiff proved that he paid ten dollars on the execution of the contract, and $800 on the 15th day of July, 1869 ; and he gave evidence tending to show that, before the 22d day of March, 1870, he was ready and willing to perform the contract on his part, and pay the balance of the purchase-money, and offered to do so, and that he demanded a conveyance ; that the defendant was not able to give title to the Schoonmaker lot, and refused to perform the contract on his part, and absolutely repudiated the same ; that the plaintiff then demanded back the money which he had paid, and the defendant refused to pay the same. It appeared that this action was commenced on the 23d day of March, 1870. The

defendant called witnesses to controvert the evidence on the part of the plaintiff, and the judge holding the Circuit ruled, both upon a motion to nonsuit and in his charge to the jury, that the plaintiff could recover the money paid by him if he was ready and offered to perform, and the defendant refused to perform, and repudiated the contract, without the proof of any fraud; and that the action could be commenced before the 1st day of April, 1870.

To these rulings of the court defendant's counsel duly excepted. The jury found for the plaintiff, aad rendered a verdict in his favor for the $810, and interest.

*M. Schoonmaker* for the appellants. The court erred in holding that plaintiff could recover damages for breach of contract without proof of fraud alleged in the complaint. (*Ross* v. *Mather*, 51 N. Y., 108, 112; *De Graw* v. *Elmore*, 50 id., 1, 5; *Bradley* v. *Anderson*, 40 id., 504; *Elwood* v. *Gardiner*, 45 id., 349, 353.) The action was commencd prematurely. (*Traver* v. *Halstead*, 23 Wend., 66; *North* v. *Pepper*, 21 id., 636, 638; *Hockster* v. *Delatour*, 20 E. L. and Eq.) Defendant's offer to comply, made on the first of April, was sufficient, and plaintiff's refusal relieved him from liability for damages. (*Karker* v. *Haverley*, 50 Barb., 79; 51 id., 306; 43 N. Y., 34; 4 Al., 425; *Outcalt* v. *Ludlow*, 32 N. J., 239.)

*Amasa J. Parker* for the respondent. If defendant had formally notified plaintiff that he would execute a deed of the Schoonmaker lot to him, on defendant's refusal to return the money paid, he could sue therefor and recover without proving the allegations of fraud in the complaint. (*Burtis* v. *Thompson*, 42 N. Y., 246, 248; *Hockster* v. *De Latour*, 20 Eng. Law and Eq.; *Byxbe* v. *Wood*, 24 N. Y., 607; *Quintard* v. *Newton*, 5 Robt., 72; *Schuhardt* v. *Allen*, 1 Wall., 459; *Corwin* v. *Freeland*, 2 Seld., 560; *Stelle* v. *Palmer*, 7 Abb., 181; *Bowdell* v. *Parsons*, 10 East, 359; *Judson* v. *Wass*, 11 J. R., 525, 528; *Everts* v. *Kutland*, 4

Paige, 628–658; *Carpenter* v. *Bailey*, 17 Wend., 244; *Hill* v. *Ressegieu*, 17 Barb., 162–164; *Fletcher* v. *Butters*, 4 Comst., 396–412; *Mead* v. *Fox*, 6 id., 199, 201, 202; *Porter* v. *Noyes*, 2 Greenl., 22; *Ford* v. *Tiley*, 6 B. & C., 325; *Frost* v. *Knight*, 1 Moak's Eng., 218; 7 Exch., 111.) Plaintiff could recover for a breach of contract, notwithstanding the allegations of fraud in the complaint. (*Connaughty* v. *Nichols*, 42 N. Y., 83; *Ledwich* v. *McKim*, 53 id., 316.)

EARL, C. The plaintiff did not prove the frauds alleged in the complaint, and no question of fraud was submitted to the jury. If, therefore, this was, under the complaint, necessarily an action of fraud, the plaintiff should have been defeated.

Upon the facts stated in the complaint, the plaintiff could recover the money paid by him upon either one of two theories: (1) He could avoid and repudiate the contract on the ground of the fraud alleged, and recover back the money, because it had been obtained from him by fraud, and the defendant had no right to retain it; or (2), he could rescind the contract, because the defendant refused to perform and repudiated the same, and thus held his money without any consideration therefor.

Upon either theory the action is based upon the promise to pay back the money implied by law (*Byxbie* v. *Wood*, 24 N. Y., 607), and is one, therefore, upon contract. An action for money had and received lies, in all cases, where one has had and received money belonging to another without any valuable consideration given on the receiver's part, for the law construes this to be money had and received for the use of the owner only, and implies that the person so receiving promised and undertook to account for it to the true owner; and in case a defendant be under an obligation, from the ties of natural justice, to refund money, the law implies a debt, and gives this action founded on the equity of the plaintiffs' case. (3 Bl. Com., 163; *Cobb* v. *Dows*, 10 N. Y., 335; *Moses* v. *Macferlan*, 2 Burr., 1005.) No error was, therefore, com-

mitted at the Circuit in the holding that the plaintiff was not bound to prove his allegations of fraud.

The facts stated in the complaint showed two causes of action, one to recover back the money paid, because the defendant refused to perform and repudiated the contract, and this was made out without proof of any fraud; and another to recover back the money paid, on the ground that it was obtained from the plaintiff by fraud. These two causes of action could be united in the same complaint, but should have been separately stated. No objection was, however, made that they were not thus stated, and such an objection could only be made by motion. (*Bass* v. *Comstock*, 38 N. Y., 21.)

The only other question to be considered is, whether the action could properly be commenced before the 1st day of April, 1870. It is the settled law of England that if, before the time appointed for performance of a contract, one party gives notice to the other that he will not perform the same, and repudiates the same, the other party may treat the contract as broken, and at once commence an action to recover his damages as for a breach thereof. (*Hockster* v. *Delatour*, 2 E. & B., 678; *Danube and Black Sea Co.* v. *Xenos*, 13 C. B. [N. S.], 825; *Frost* v. *Knight*, 74 Law Reports, 111.) And this doctrine, while it may not be regarded as settled, has received some countenance in this State. (*Burtis* v. *Thompson*, 42 N. Y., 246.)

But it is not necessary to invoke this doctrine to uphold the judgment in this case. The contract provides for the payment of $800, " on or before the 1st day of July, 1869, and the balance on or before the 1st day of April, 1870," and that the party of the first part, on receiving payment " at the time and in the manner " mentioned, would execute the conveyance. The plaintiff had, therefore, the right to make the payment, and demand the deed before the first day of April, and thus fix the time of performance by defendant before that date. The plaintiff having shown his readiness and offer to perform, and a refusal by the defendant to perform, in March,

before the commencement of this action, had the undoubted right to commence this action before the first day of April, for a breach of the contract, or to recover back the money paid by him.

I am, therefore, of opinion that the judgment should be affirmed, with costs.

REYNOLDS and DWIGHT, CC., concur.

LOTT, Ch. C., and GRAY, C., dissent.

Judgment affirmed.