ACKSAH GUNN, RESPONDENT, *v.* ADELBERT FELLOWS, APPELLANT, AND EIGHT OTHER CASES BY THE SAME RESPONDENT AGAINST DIFFERENT RESPECTIVE APPELLANTS.

*Pleadings — separate causes of action must be separately stated and numbered — Code of Civil Procedure, sec. 483.*

The complaint in this action alleged, among other things, " that the defendant and divers other persons, at the town of Tully, said county, on or about the 30th day of September, 1885, in the night-time and after the said plaintiff had retired, and while she was in bed, did wrongfully, willfully, maliciously, feloniously, burglariously, riotously and notoriously break and enter the dwelling-house and premises, then occupied by the said plaintiff as a dwelling, in said town of Tully, and did then and there injure, break and destroy the said building and property and furniture in and about said dwelling, and did make loud and boisterous noises, and did then and there threaten, insult, assault, beat, wound, terrify, frighten and injure this plaintiff in mind, person and health, so that she became frightened, sick, feeble and sore, and so remained for a long space of time, whereby she has sustained damages in the sum of $5,000.

A motion to require the plaintiff to serve an amended complaint setting forth, in one count, the facts constituting her cause of action for trespass to real and personal property, and in another count the facts constituting her cause of action for assault and battery was denied, upon the ground that but one cause of action, namely, trespass, was alleged in the complaint.

*Held,* error:

That the first part of the complaint stated a cause of action for breaking and entering the plaintiff's dwelling-house and injuring the building and property and furniture. That the other portion stated a cause of action for assault and battery to and upon the person of the plaintiff.

That each of said separate causes of action should have been separately stated and numbered.

APPEAL from an order of the Onondaga Special Term, made in January, 1886, denying a motion " that the plaintiff be required to serve an amended complaint in this action, wherein the plaintiff shall set forth separately in one count and number the same, the statement of facts which constitute the cause of action against the defendant for trespass to the real and personal property of plaintiff, and wherein she shall set forth separately in another count and number the same, the facts which constitute her cause of action for assault and battery against the defendant herein, pursuant to the

provisions of section 483 of the Code of Civil Procedure, and for such other and further relief as to the court shall seem equitable, together with costs."

The order shows the ground upon which the motion was denied, to wit: "That the motion be and the same is hereby denied upon the ground that but one cause of action, namely, trespass, is alleged in the complaint."

The complaint is in the following language, viz.: "That the defendant and divers other persons, at the town of Tully, said county, on or about the 30th day of September, 1885, in the night-time, and after the said plaintiff had retired, and while she was in bed, did wrongfully, willfully, maliciously, feloniously, burglariously, riotously and notoriously break and enter the dwelling-house and premises, then occupied by the said plaintiff as a dwelling, in said town of Tully, and did then and there injure, break and destroy the said building and property and furniture in and about said dwelling, and did make loud and boisterous noises, and did then and there threaten, insult, assault, beat, wound, terrify, frighten and injure this plaintiff in mind, person and health, so that she became frightened, sick, feeble and sore, and so remained for a long space of time, whereby she has sustained damages in the sum of five thousand dollars." An appropriate prayer followed the complaint.

It appears by the affidavit that this action and the other eight grew out of a charivari in which the defendants were engaged "upon the marriage of Martha Gunn, the plaintiff's daughter, to one William Thompson."

In the moving affidavit it is alleged, viz.: "That the cause of action for assault and battery stated in the complaint, is alleged, as deponent believes, with the intent that the pleadings may control the judgment herein, giving plaintiff as much costs as damages, even though the proof upon the trial shall show a cause of action for trespass or injury to personal property only." No opposing affidavits were read upon the motion.

*Pierce & Stone*, for the appellants.

*E. P. Moore* and *M. M. Waters*, for the respondent.

HARDIN, P. J.:

Section 483 of the Code of Civil Procedure requires "the statement of the facts constituting each cause of action" to be "separate and numbered," when "the complaint sets forth two or more causes of action." The remedy for an omission to comply with the requirement of that section is by motion and not by demurrer. (*Bass* v. *Comstock*, 38 N. Y., 21; S. C., 36 How., 382; *Freer* v. *Denton*, 61 N. Y., 496.) If causes of action are improperly united, the remedy is by demurrer, whether properly separated and numbered or not. (*Goldberg* v. *Utley*, 60 N. Y., 427.) The facts stated in the first branch of the complaint, under the former system of pleading, would have justified a classification of the action as one for trespass. That term, "in its most extensive signification, includes every description of wrong." (1 Chitty's Pleadings, 166.) It was an action "for injuries committed with force."

The same author says: "And the plaintiff may, in a declaration in trespass, unite a count for the battery or seduction of his servant, *per quod servitium amisit*, with a count for battery of the plaintiff himself. * * * However, if these injuries be joined with a count in trespass, then each should be stated to have been committed *vi et armis*." (1 Chitty's Pleadings, 200.)

The same learned author, at page 398, volume 1, says: "Thus, in trespass for breaking and entering a house, the plaintiff may, in aggravation of damages, give in evidence the debauching of his daughter, or the battery of his servants under the general allegation *alia enormia*, etc., and yet the matter may be stated specially; but he cannot under the *alia enormia* give in evidence the loss of service, or any other matter which would *of itself bear an action*, for if it would, it should be stated specially." (1 Chitty's Pleadings, 397; *Handy* v. *Chatfield*, 23 Wend., 35.)

In *Richardson* v. *Northrup* (66 Barb., 87) MULLIN, J., says: "The rules of pleading at common law required distinct causes of action of the same nature to be stated in separate counts. And the joinder in the same count of several distinct causes of action, was consequently fatal on demurrer."

We think the requirement of section 483 of the Code of Civil Procedure that "the statement of the facts constituting each cause of action must be separate and numbered" was violated by the pleader who drew

the complaint now before us. The first part of the complaint states a cause of action for breaking and entering the plaintiff's dwelling-house and injuring the building and property and furniture, which allegations make out a distinct and separate cause of action, and the statement in that regard should have been separated and numbered; and the other portion of the complaint contains a "statement of the facts constituting" another cause of action for assault and battery to and upon the person of the plaintiff, and such "statement of facts" should have been numbered and separated from the first cause of action.

We, therefore, differ from the Special Term and its order which denied the defendant's motion on the "ground that but one cause of action, namely, trespass, is alleged in the complaint." (Code of Civil Pro., §§ 481, 483; *Case* v. *Shepard*, 2 Johns. Cases, 29; *Benedict* v. *Seymour*, 6 How., 298; *Wiles* v. *Suydam*, 64 N. Y., 175; Pomeroy's Remedies and Rights, §§ 452, 462; *Anderson* v. *Hill*, 53 Barb., 238; *Langdon* v. *Guy*, 91 N. Y., 660; *Fisher* v. *Conway*, 21 Kan., 18; *Durkee* v. *S. and W. R. R. Co.*, 4 How. Pr., 226; *Gooding* v. *McAlister*, 9 How., 123; *Zimmerman* v. *Shreever*, 27 Alb. Law Jour., 499.)

Our attention is called to *Van Leuven* v. *Lyke* (1 Comst., 517), which was an action for trespass for injury to plaintiff's animals by defendant's animals, and the damages were described in the complaint, and it was not alleged or proven that defendant had knowledge of the vicious propensities of his animals. It was held damages could not be recovered. It does not aid the respondent here.

We have looked into the other cases cited by the respondent and do not find anything in conflict with the views already expressed. In case the plaintiff recovers less than fifty dollars for trespass, a different rule as to costs would be applicable than would prevail in an action where the recovery was for an assault and battery for less than fifty dollars. In case the causes of action are separately stated and numbered, confusion and difficulties in regard to the rule respecting costs may be avoided. (Code, §§ 3228, 3234.)

We think the order appealed from in this and the other eight cases should be reversed, with ten dollars costs and disbursements in one case, and the motion granted in all the cases, with ten dollars costs of

motion in one case, plaintiff to serve amended complaints within ten days from the service of a copy of this order.

BOARDMAN and FOLLETT, JJ., concurred.

Orders reversed, with ten dollars costs and disbursements in one case, and the motion granted in all the cases, with ten dollars costs of motion in one case, plaintiff to serve amended complaints within ten days from the service of orders.