Daniels, J.
The verdict was recovered for the amount unpaid upon an agreement for a separation executed by the defendant with Emma L. Bliven, his wife, and the plaintiff, as her trustee. The amount for which the verdict was recovered had matured and become due under the separation' agreement. But the plaintiff’s right to recover it was resisted by the defendant upon the alleged ground that his wife had failed to perform certain covenants contained in the agreements, and that he was consequently absolved himself from its performance.
By these covenants -it was agreed that the defendant should have free access to and communication with the two children of the marriage at all reasonable times and places. These children were 'by the agreement committed to the custody of their mother, and during its pendency the defendant was entitled to “have free access and communication with the said two children twice in each week, to wit, on Sunday and Wednesday, and shall have admission at such times to the residence of the said party of the second part for the purpose of seeing the said children.” It was further provided that on said days, for the object of ■exercise and companionship, the defendant should be at liberty to take the children out of the house, at which times they were to be accompanied by an attendant to be selected or approved by his wife; and in case of disability or illness on his own part preventing him from visiting the children, it was further covenanted that they should, with such attendant, be allowed to visit him at his residence, and that his wife would put no obstacle in the way of the restoration and maintenance of the love and affection of the children for him, or in the way of a reasonable and proper companionship between himself and his children, either by influencing the children against the father, or in any other way, and that she should do nothing to éstrange them from him. It was because of the alleged violation of these covenants that the defendant resisted the performance of the obligation on his part to pay over to his wife the amount mentioned in the agreement. And in support of the defense his evidence *883 was given to the effect that the children were not permitted to visit him at his place of residence while he was sick and disabled, but this was answered on behalf of the plaintiff by proof of the inability to select a proper person willing to accompany them as an attendant, and that no such person had been selected by the defendant himself. This proof excused the omission to send the children to the defendant while he was not able to visit them because of his illness.
When he visited the children, at the residence of his wife, they were accompanied by another person, whose presence was offensive and objectionable to the defendant. He remonstrated against the presence of any attendant, when he visited the children at the residence of his wife, and she promised, according to his evidence, to make a. change in this respect which would be more satifactory to himself, but under his testimony she failed to do so. This was a violation of the agreement on her part. For there was no such qualification of his right to visit the children as entitled his wife to the presence of an attendant in the same room of her residence, while such visits were being received by them. The agreement covenanted for the presence of the attendant only when the children should be taken from the house, or sent to the defendant at his residence while he might be unable to visit them at their own, because of his illness. But this violation of the agreement, on the part of the wife, is stated not to have arisen from any perversity or indisposition on her part to observe and perform these obligations, but from the construction she placed upon it, that she was entitled to have the presence: of an attendant at her own residence when the children were, visited by the father there.
This was a mistaken view of the obligations created by the agreement. It was not supported by its language or intent, but the covenants entered into, provided for the enjoyment of the society of the children by the defendant on these two days of every week, when he should visit them at their mother’s residence. And on those occasions he was entitled to have their presence unrestrained and unembarrassed by the presence of any attendant selected or sent with them by the mother. This was a valuable privilege secured to the father by the agreement, notwithstanding the difference between himself and his wife. He was entitled to secure and continue the affectionate regard and respect of his children for himself, and free and unrestrained communication between him and them was essential for this purpose. While they were committed to the custody of their mother as the best disposition which could be made of them, he was still entitled to the enjoyment of these privileges and advantages, and that his children should. *884 .grow up with feelings of confidence and affection toward himself.
It is a mistaken view of the obligations created by these covenants, which has been urged on behalf of the respondent, that they were not obligatory, or essential parts of the agreement itself, for the parties have made them other-. wise. It was an important part of the consideration for which the defendant entered into his obligations, that these privileges should be enjoyed by himself, as they were mentioned and described in the agreement, and an intentional disregard, or violation of the obligations, would not fail to relieve him from the performance of those assumed and placed upon himself. In this respect the agreement does not differ from others entered into between parties competent to contract as these were through the intervention of the plaintiff as trustee. Allen v. Affleck, 64 How., 380. And after such a contract has been made and entered into, if the trustee, or the wife, disregards and fails to perform its obligations, the other party will be at liberty to rescind and refuse to be bound further by its provisions. The husband is entitled to the same protection, and to insist upon the application of the same principles for his protection under an agreement of this nature, as he would be under the form or contract more usually entered into between different individuals. And in those cases, the legal principle is a general one that where one party shall refuse to perform on his, or her part, the other will be at liberty to consider the contract at an end, and to refuse performance on his part. Monroe v. Reynolds, 47 Barb., 574; Cowper v Theall, 2 N. Y. State Rep., 108; Freer v. Denton, 61 N. Y., 492. And in Bolen v. Bolen, (8 N. Y. State Rep., 821), this principle was directly applied to an agreement of this description.
But to absolve the husband from these obligations, something more than a mere misunderstanding of the effect of the covenants should be shown on the part of the wife, especially when evidence may have been given tending to •establish the fact that there was no disposition actuating her to exclude the defendant from the employment of the rights and privileges secured to him by the contract. Her residence out of the state was temporary, and need not be considered. The evidence in the case did not go so far as to establish, as matter of law, a defense to the action brought by the plaintiff. Neither was there sufficient to support a finding by the jury that there had been such an intention or refusal to perform on the part of the' trustee or the defendant’s wife as would have sustained a verdict in his favor. For that reason the court was right in direct *885 ing a verdict for the. amount unpaid, and the judgment should be affirmed.
Van Brunt, Oh. J., and Brady, J., concur.