(60 Misc. Rep. 623.)

REALTY TRANSFER CO. v. COHN, BEAR, MYER & ARONSON CO.

(Supreme Court, Special Term. New York County. October, 1908.)

ACTION (§ 45*)—JOINDER OF CAUSES.

 A vendee under a contract for the sale of realty sued to recover a deposit made, with disbursements for searching title and legal fees, on the ground of a rescission of the contract for fraudulent representations by his vendor. *Held*, that such cause of action could not be joined with one on the contract to recover for defendant's breach thereof.

 [Ed. Note.—For other cases, see Action, Cent. Dig. §§ 430, 439; Dec. Dig. § 45.*]

Action by the Realty Transfer Company against the Cohn, Bear, Myer & Aronson Company. Demurrer to complaint sustained.

Kantrowitz & Esberg, for plaintiff.
Johnston & Johnston, for defendant.

DAYTON, J. The first cause of action is admittedly based upon a rescission of the contract for fraudulent misrepresentations, and a demand is made for the amount of the plaintiff's deposit, together with certain disbursements for searching title and legal fees connected therewith. By the second cause of action the plaintiff seeks to recover the same sums; i. e., the deposit and the moneys paid for disbursements. The plaintiff claims that this cause of action is also based upon a rescission of the contract, because it has therein specifically alleged that it elects to rescind, etc.

Despite this special pleading, however, an examination of this portion of the complaint makes it apparent that the gravamen of the sec-

ond cause of action is the contract itself, and that the recovery sought is for the defendant's breach. The fact that the plaintiff now says it "has elected and does hereby elect to rescind," etc., is immaterial. It is evident that up to the day of passing title there was no rescission, and if upon that day the defendant had been able to comply with the contract the plaintiff would have had no reason for this action. It is therefore clear that, whatever the plaintiff may now say as to his present position concerning this contract, his second cause of action is based upon it and the defendant's breach of it; and that amounts to an affirmance of the contract, as opposed to its total repudiation under the plaintiff's first cause of action. In other words, in the first cause of action success can only be predicated upon an annihilation of the contract for fraud ab initio. In the second cause of action, to succeed, the plaintiff must first establish a contract, and then its breach by the defendant. The two causes of action are clearly inconsistent, and, therefore, improperly joined. Kranz v. Lewis, 115 App. Div. 106, 100 N. Y. Supp. 674.

The case of Freer v. Denton, 61 N. Y. 492, relied upon by the plaintiff, was decided upon an appeal from a judgment rendered upon the verdict of a jury. No question of pleading appears to have been involved. Indeed, Earl, C., writing for the majority of the court, says:

"No objection was, however, made that they [the causes of action] were not separately stated, and such objection could only be made by motion."

It would seem, therefore, that the discussion of the pleadings in that opinion was obiter. And Sparman v. Keim, 83 N. Y. 250, Salisbury v. Howe, 87 N. Y. 134, and Nichols v. Scranton Steel Co., 137 N. Y. 486, 33 N. E. 561, the only cases in which Freer v. Denton has been cited, are not in point upon the plaintiff's contention.

The demurrer must be sustained, with leave to plaintiff to plead over upon the usual terms.

Demurrer sustained, with leave to plaintiff to plead over upon usual terms.