## HORACE RICHARDSON *vs.* STEPHEN NORTHRUP.

The rule of pleading, under the Code, is, in respect to the joinder of distinct causes of action in a single count, the same as at common law. It subjects the pleading to the charge of duplicity, which is to be corrected, as a general rule, by a motion to strike out, and sometimes by demurrer.

In case of cattle trespassing on the lands of an adjoining owner, the injury being a continuing one, committed by the different animals on the same or on different days, so as to render it difficult to separate the acts of trespass, it was indispensable, at *common law,* in such cases, in order to avoid a multiplicity of actions, and to relieve parties from the obligation of proving distinct and independent causes of action, that they should be allowed to allege the trespass with a *continuando,* and recover for such injury as they were able to prove had been done by the defendant's cattle.

*It seems* that this rule of pleading is still in force, and in a case of that kind, is indispensable, promotive of the ends of justice, and not calculated to work injury to the defendant.

Hence, where the complaint alleged that, on a day named, and on divers other days and times between that day and the commencement of the suit, the defendant's cattle broke into and upon the farm and land of the plaintiff and destroyed the growing crops thereon; *Held* that it was competent for the plaintiff to prove, under this complaint, any number of trespasses committed by the defendant's cattle, between the day alleged and the bringing of the suit. BACON, J., dissented.

Where a witness testified that the damage to grass, done by the defendant's cattle, was $3; *Held* that the damages, as such, the witness had no right to estimate; that he could give the facts, and his opinion as to the value of the grass; but it was for the jury to estimate the damages.

The word "damages" may mean, in an action of tort, much more than value, even when the value of property constitutes the principal element of damages.

Where the plaintiff's growing corn was destroyed by the defendant's cattle, after the plaintiff had expended on the crop all the labor it was necessary to expend before harvesting; *Held* that the destruction of the corn at that stage of its growth was the loss of all the corn that would have matured had it not been destroyed; but that the plaintiff was entitled to recover only the value of the corn in the condition it was at the time of the injury.

A plaintiff, when examined as a witness in his own behalf, may be asked whether he has had litigation with the defendant, and has threatened to sue him. If the fact is admitted, it may show that the witness entertains hostility against the defendant, and that his evidence is therefore to be received with caution, perhaps altogether discredited.

The admission or rejection of the evidence does not rest in discretion; it is a matter of right, and the loss of it presumptively injurious to the defendant.

APPEAL from a judgment of the county court of Oneida county, affirming a judgment rendered by a justice of the peace.

The action was commenced by summons, in the justice's court, against one Nelson G. Northrup and the appellant, jointly, to recover for damages done by their cattle to lands and crops of the respondent, in Marcy, Oneida county.

The complaint was as follows: "The plaintiff complains of the defendants that on or about the 20th day of May, 1862, and divers other days and times between that day and the day of the commencement of this action, at the town of Marcy, in the county of Oneida, and state of New York, the said defendants, with force and arms by themselves, their servants, cattle and other animals, broke and entered into, and upon the farm and land of the plaintiff, and of which he was the owner and possessor at the time of said several trespasses, situated in the town and county aforesaid, and then and there trod and broke down, and eat, and destroyed the corn, grass and other vegetation, and property of said plaintiff, then and there growing, and being of the value of $40, to the damage of the plaintiff of $40. Therefore, the plaintiff demands judgment against the defendants for $40, besides costs."

The answer was a general denial. The justice, on motion of the defendant's counsel, nonsuited the plaintiff as to Nelson G. Northrup, and afterward rendered judgment in favor of the plaintiff against the defendant Stephen Northrup for $23.42 damages, and $4.84 costs.

From this judgment the defendant Stephen Northrup appealed to the county court of the county of Oneida, and the judgment was affirmed; and he appealed to this court.

*E. J. Stoddard,* for the appellant.

*W. O. Merrill,* for the respondent.

Richardson *v.* Northrup.

*By the Court*, MULLIN, J. The rules of pleading at common law required distinct causes of action of the same nature to be stated in separate counts. And the joinder in the same count of several distinct causes of action, was consequently fatal on demurrer. (*Chitty's Pl.* 230.)

But it was found that it was sometimes very difficult, if not altogether impossible, to separate the causes of action, in tort, so as to establish distinct and independent causes of action ; and hence the practice grew up of alleging in a single count, where the injury was a continuing one, that it was committed on a day designated, and on divers other days between the day so alleged and the bringing of the action. (1 *Chitty's Pl.* 384.)

In case of cattle trespassing on the lands of an adjoining owner, it often happens that the injury is a continuing one, committed by the different animals on the same or on different days, so that it would be almost impossible to separate the acts of trespass. It was indispensable in such cases, to avoid a multiplicity of actions, and to relieve parties from the obligation of proving distinct and independent causes of action, that they might allege the trespass with a *continuando*, and recover for such injury as they were able to prove to have been done by the defendant's cattle.

The rule of pleading under the Code is, in respect to the joinder of distinct causes of action in a single count, the same as at common law. It subjects the pleading to the charge of duplicity, which is to be corrected, as a general rule, by a motion to strike out, and sometimes by demurrer. The case of *Dubois* v. *Beaver* (25 *N. Y.* 123) seems to recognize the rule of pleading above referred to as still in force, and it seems to me that it is, in just such a case as the one before us, indispensable, promotive of the ends of justice, and not calculated to work injury to the defendant, I think it was competent

for the plaintiff. to prove, under the complaint, any number of trespasses committed by the defendant's cattle between the day alleged in the complaint and the bringing of the suit.

The plaintiff was examined as a witness in his own behalf, and testified, amongst other things, that the damages to grass, done by the cattle from the first time up to haying, was $3. This evidence was objected to after it was given, as not the proper way to prove damages. I assume the defendant intended, by this objection, to ask the court to decide that it was not competent for the witness to give an estimate of the amount of damages done by the cattle; it being the province of the jury to ascertain such amount. It is sometimes quite difficult to draw the line between the cases in which it is, and those in which it is not, competent for a witness in an action of tort, to give an opinion as to the amount of damages.

In an action for the wrongful killing of an animal the measure of damages is its value at the time of the killing, and this value is given by the witnesses. But in an action for assault and battery, it is exclusively for the jury to determine the amount of damages sustained; but if, in such an action, the property of the plaintiff is injured as well as his person, it is competent for the witnesses to give their opinion of the value of the property before and after the injury; and this difference in value is one part of the damages which the plaintiff is entitled to recover. Johnson, J., in *Whitbeck* v. *N. Y. Central R. R. Co.* (36 *Barb.* 646,) states the rule by which to determine when a witness, in an action for trespass on land, may give his opinion as to damages, thus: "If the thing destroyed, although it is a part of the realty, has a value which can be accurately measured and ascertained without reference to the value of the soil on which it stands, or out of which it grows, the recovery must be for the value of the thing thus destroyed, and

not for the difference in the value of the land before and after such destruction." When the portion of the meadow trespassed upon was ascertained, any one acquainted with the quality of the grass growing upon it, could give an estimate of the value of grass destroyed; and this value was, (outside from any allowance for the malice or other improper motive of the defendant,) the true measure of damages. A person who had not seen the meadow and the extent of the injury, could not properly estimate the damages sustained by the plaintiff. To leave such a question to the jury is to substitute conjecture for knowledge, imagination for proof. The witness says the damages to the grass was $3. The damages, as such, he had no right to estimate; he could give the fact, and his opinion as to the value of the grass; it was for the jury to estimate the damages. The word damages may mean, in an action of tort, much more than value, even when the value of property constitutes the principal element of damages. And it would be quite difficult, often, to ascertain whether, when a witness estimated damages, he did not include something besides value. I had occasion to give my views upon this question in *Van Deusen* v. *Young*, (29 *N. Y.* 9, 36,) and shall not repeat them here. I think the evidence was incompetent.

The defendant's counsel also objected, on the trial, to evidence as to the worth of corn alleged to have been destroyed by the defendant's cattle. He had said there was three quarters of an acre destroyed after all the hoeing had been done, and that there were forty bushels of ears destroyed. The plaintiff had expended on the corn all the labor it was necessary to expend before harvesting, and hence the destruction of the corn at that stage of its growth was the loss of all the corn that would have matured had it not been destroyed. But I think the plaintiff was entitled to recover only the value of the corn in the condition it was at the time of

the injury.    But I do not discover that any higher value was proved.    The only ground for supposing that any different measure of damages was intended is, that an objection that an answer calling for the value of ripened corn, was overruled.    By a subsequent answer it would seem that the corn was glazed, almost ripe.

I entertain no doubt but that the question put to the plaintiff in relation to whether he had had litigation with the defendant, and had threatened to sue him, was competent.    If admitted, it might have shown that the witness entertained hostility against the defendant, and that his evidence was therefore to be received with caution, perhaps altogether discredited.    The admission or rejection of it did not rest in discretion ; it was a matter of right, and the loss of it· presumptively injurious to the defendant.    (1 *C. & H. Notes*, 729.)

Evidence was received of injury done by cattle which were not identified as the cattle of the defendant.    This evidence was specifically objected to on this ground, yet the objection was overruled and the evidence received.    No plausible excuse can be offered for the admission of this evidence ; it was utterly incompetent.

The judgment of both the county court and the justice should be reversed.

BACON, J., dissented.

Judgment reversed.

[ONONDAGA GENERAL TERM, June 25, 1867.    *Mullin, Foster, Bacon* and *Morgan,* Justices.]