GEORGE H. HARDY, RESPONDENT, *v.* STEPHEN A. MAIN, APPELLANT.

*Evidence — cross-examination, competent where it tends to contradict the witness on a, material point.*

In an action brought to recover for services rendered in the construction of the stairs in a building, the fact of the plaintiff's employment by the defendant was denied. The plaintiff testified that he was employed by the defendant to build the stairs, which had been constructed by him, and called to establish the fact of such employment a witness, Joseph Coat, who had also been employed upon the premises, and who, upon his cross-examination, was asked whether he was not doing the work there as a contractor for the entire job. This question was objected to by the plaintiff and excluded.

*Held,* error.

That the defendant had a right to prove by the witness any fact or circumstance inconsistent with the evidence the witness had given, or tending to establish a bias on his part, in favor of the plaintiff.

That if the witness had answered that he had the entire job, it would have discredited his statement that the plaintiff was employed by the defendant to construct the stairs.

APPEAL by the defendant Stephen A. Main from a judgment entered, in the office of the clerk of the county of New York on

the 15th day of October, 1889, in favor of the plaintiff, for $794.16, after a trial before the court and a jury at the New York Circuit; and also from an order, entered in said office on the 10th day of October, 1889, denying a motion made upon the minutes of the judge to set aside the verdict and grant a new trial in the action.

*Jones & Roosevelt,* for the appellant.

*Theodore F. Sanxay,* for the respondent.

Daniels, J.:

The verdict was recovered for the expenses of labor and material in constructing stairs in a building owned by the defendant. The performance of the work and the supplying of the material were not controverted upon the trial, but the defendant denied the plaintiff's employment. In his evidence the plaintiff testified positively that he was employed by the defendant to build the stairs which had been constructed by him. To further substantiate his case he called Joseph Coat as a witness, who was also employed in the performance of work upon the premises for the defendant, and upon his cross-examination he was asked whether he was not doing the work there as a contractor for the entire job. This was objected to by the plaintiff's counsel, and the witness was not permitted to answer the inquiry; and to the ruling then made the defendant excepted, and this exception seems to have been well taken. For the defendant had the right to prove by this witness any fact or circumstance inconsistent with the evidence he had given, or tending to establish any bias on his part in favor of the plaintiff. And if the witness had answered that he had taken the entire job of this work from the defendant, then, without further explanation, that would have subjected his statement, that the plaintiff was employed by the defendant to construct and put up the stairs, to some degree of doubt or discredit. For the position might well be taken, if the witness had answered that he did take the entire job of the work, that his evidence stating the plaintiff's employment for building the stairs was consistent with this circumstance. And when a witness is examined in favor of one party the other party to the action has the right to interrogate him concerning any material fact or circumstance which may tend to reduce the weight

and effect of his testimony. (*Dubois* v. *Baker*, 30 N. Y., 355, 362; *Richardson* v. *Northrup*, 66 Barb., 85, 90; *O'Hagan* v. *Dillon*, 42 N. Y. Sup. Ct. [10 J. & S.], 456, 461; *Wallace* v. *Marks*, 13 N. Y. Week. Dig., 399; *Starr* v. *Cragin*, 24 Hun, 177.)   And if the witness had denied the making of the agreement mentioned in the question, his evidence might have been contradicted on the part of the defendant for the purpose, in that manner, of affecting the weight of his testimony.

This is sufficient, without considering the other point made, for the disposition of this appeal.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

BRADY, J., concurred; VAN BRUNT, P. J., concurred in result.

Judgment reversed and new trial ordered, with costs to abide event.