## SUPREME COURT.

### Colwell agt. The New-York & Erie R. R. Co.

Where the plaintiff in the first and second counts of his complaint claimed damages of the defendants—a railroad company—for killing cattle, (in the first count and swine in the second,) in going through his farm, the fences not being kept up by defendants as it was their duty; and for the wrongful killing, carrying away, and converting said cattle and swine.

And in the third count set up an agreement to carry cattle on defendants railroad from one place to another, (specified,) and damages and loss occasioned by breach of agreement to carry safely—the hurt and loss of cattle by reason of weak and insufficient cars, &c., and also the conversion of such cattle as were killed; also putting his claim upon the defendants' liability as common carriers.

*Held*, that the causes of action stated in the first and second counts of the complaint did not arise out of contract, express or implied, and did not fall under the first, but under the *third* subdivision of § 167 of the Code.

Besides, in each of these counts a distinct cause of action in trover was stated in conjunction—not separately—with the cause of action for damages arising from negligence, which was fatal on demurrer.

The first cause of action stated in the third count was a cause of action arising out of an express contract within the meaning of § 167 of the Code, and consequently was improperly joined with the causes of action in the two first counts.

And besides, in the third count, two distinct causes of action for distinct injuries, caused in different ways and at two distinct times and places, were blended with a distinct cause of action in trover, which was also fatal on demurrer.

*Broome Special Term, Feb.* 1854. Demurrer to complaint for misjoinder of actions.

The plaintiff claimed damages for killing cattle in going through his farm, the fences not being kept up by the company as was their duty, and for the wrongful killing, carrying away, and converting said cattle, (the conversion consisted in taking the carcass up the track a short distance, and burying it.)

Cause of action, No. 2, was the same in regard to swine.

Cause of action, No. 3, set up an agreement to carry cattle on the railroad from Kirkwood to Chester, and damages and loss occasioned by breach of agreement to carry safely; hurt and loss of cattle by reason of weak and insufficient cars, &c., and also the conversion (in the manner above mentioned) of such cattle as were killed; also putting his claim upon the defendants' liability as common carriers. The complaint was very long, containing some nineteen folios. The opinion of the court covers the entire case.

HOTCHKISS, SEYMOUR, & BALCOM, *for Plaintiffs.*
MORRIS & TOMPKINS, *for Defendants.*

Colwell agt. The New-York & Erie R. R. Co.

MASON, Justice.   This case comes before the court on a de-murrer to the complaint, in which defendants have assigned three causes of demurrer.

First.   Because it appears on the face of the complaint that the action is brought as well to recover damages for an alleged breach of contract made by the defendants with plaintiff as for damages by the plaintiff alleged to have been sustained in consequence of the wrongful taking and conversion of the property of the said plaintiff, as set forth in the said complaint.

Second.   Because it appears on the face of the said complaint that the said cattle mentioned in the third cause of action specified in the said complaint were wrongfully taken and converted in the state of Pennsylvania and not in the state of New-York.   And,

Third.   Because the several causes of action mentioned and set forth in said complaint are not separately stated in said complaint.

The first and third causes of demurrer are relied upon by the defendants, and the second was abandoned upon the argument. The first and second causes of action stated in the complaint do not arise out of contract, express or implied, and do not fall under the first subdivision of § 167 of the Code, but fall under the third subdivision of that section.

The third cause of action stated in the complaint, I am inclined to think, on the contrary, is to be deemed a cause of action arising out of an express contract within the meaning of § 167 of the Code, and consequently is improperly joined with the two first causes of action.   This third count sets forth an agreement of the defendants to carry the cattle in question, and alleges that the defendants undertook to furnish good and sufficient cars for the transportation of said cattle ; that they disregarded the contract in this respect, and did not furnish good and sufficient cars, &c. ; and that said cattle were pursuant to the undertaking of the defendants to be transported carefully and safely in said cars, and the defendants not regarding their undertaking to and with the plaintiff, did not furnish good and sufficient cars for the transportation of said cattle, and did not safely transport said cattle, &c. ; and that by reason of defect-

ive, weak, and insufficient cars, or one of them, and of the carelessness and negligence of the defendants, their agents and servants, said cattle in question were thrown out, and one of them killed, and the other lost, &c.

It is true that the count alleges the defendants' liability to arise out of the contract as we have stated, and also out of their duty as common carriers : the count is so framed that the plaintiff may, upon the trial, well claim to recover of the defendants upon a breach of their contract, and also in case for negligence founded upon a breach of their common law duty, as common carriers of property. This action against the common carrier might be either assumpsit founded on the contract or case founded on their duty as carriers. In the latter case, the defendants should be declared against as if their liability was founded on the custom of the realm or upon the duty which common law imposes upon common carriers of property. (2 *Chit. Pl.* 357, *note a ;* 3 *East, R.* 62 ; 2 *New, R.* 345, 454 ; 12 *East,* 94 ; *J. B. Moore,* 141, 154.) This rule is recognized in the case of the Bank of Orange agt. Brown and others, (3 *W. R.* 158,) and is there distinctly affirmed. The court say in that case, " I apprehend the true rule now is, that an action solely upon the custom is an action of tort ;" (3 *W. R.* 168 ;) " but if the plaintiff states the custom and also relies on an undertaking, general or special, then the action may be said to be *ex delicto quasi ex contractu,* but in reality is founded on contract and to be treated as such." (3 *W. R.* 169 ; Boson agt. Sandford, 2 *Shaw,* 478 ; 1 *Id.* 29, 101 ; 3 *Mod. R.* 321 ; 2 *Salk. R.* 440.) I am of opinion, therefore, that as this count is framed, it cannot be united with the two first.

But again, this count is also bad for several additional reasons, if we were to hold it not founded upon contract or an action arising out of contract. In this third count there are several causes of action all blended together in the same count. The 169th section of the Code requires them, although arising out of the same class, to be separately stated. (4 *How. Pr. R.* 226 ; 5 *How. Pr. R.* 171 ; 6 *How. Pr. R.* 298 ; 8 *How. Pr. R.* 177.) There are two distinct causes of action for distinct

injuries to property caused in different manners, and at two distinct places, and on two distinct occasions; and besides, there is a distinct cause of action in trover alleged, charging the defendants with converting said cattle to their own use. This is made a distinct ground of demurrer and is fatal to this third count. The Code allows a demurrer, when " several causes of action have been improperly united," and they are improperly united, although of the same class, unless they are separately stated. The same objection exists to the first and second counts; a distinct cause of action in trover for carrying away and converting to their own use the property mentioned in these counts is stated in conjunction with the other causes of action.

There must be judgment for the defendants upon each count or upon the three causes of action, with costs, with leave to the plaintiff to amend on payment of costs.