RICHARD FIELD *v.* JOSEPH PAULDING and NATHANIEL HAWX-
HURST.

JOSHUA H. BROWN and others *v.* THE SAME.

Executions were issued in May, 1848, in these cases, on judgments then recovered
  in this court. The executions, by mistake, purported to be issued on judgments
  in the Supreme Court. This error was not discovered until after a sale under
  the executions, and an acknowledgment thereon of payment. Subsequently, and
  in 1851, an order was made, on application of the plaintiffs, granting leave to
  issue new executions, but none were issued until 1856.

*Held,* that such executions were irregular, and must be set aside. The application, for
  leave to issue execution for the purpose of removing the bar of section 284 of the
  Code, cannot be made until after five years from the date of the judgment. After
  five years the law presumes that the judgment has been paid; and such presump-
  tion is not removed by an order made prior to that time.

APPEAL by defendants from an order at special term denying
a motion to set aside executions as irregularly issued. The facts
appear in the opinion of the court.

*J. and R. H. Sherwood,* for the appellants.

*S. Sanxay,* for the respondents.

INGRAHAM, FIRST JUDGE.—In these actions judgments were
docketed in April, 1848. Executions were issued to the sheriff
of Ulster county in May, 1848, upon which certain land was
sold, and the plaintiff was the purchaser. On receiving certifi-
cate from the sheriff, he endorsed on the executions an acknowl-
edgment of payment. It was subsequently discovered that the
sale was void, because the executions purported to be on judg-
ments in the Supreme Court.

The plaintiffs then applied to this court in January, 1851, for
an order allowing the plaintiff to issue new executions to the
sheriff for the whole amount of the judgments. This motion

was granted about April, 1851. The propriety of such a course was sanctioned in *Suydam* v. *Holden*, Court of Appeals, October, 1853.

In February, 1856, new executions were issued, and the defendants now move to set these aside, upon the ground that they were issued after the lapse of more than five years from the date of the judgment, without leave of the court.

In the first instance the executions were undoubtedly a nullity. The sale was void, and the whole proceeding might have been disregarded, and executions upon the judgments issued, but that did not preclude the plaintiffs from making the motion which they did, for an order of the court allowing them to issue executions anew, and thereby relieving themselves from the consequences of the erroneous proceedings upon the former executions. They had the power to issue executions at any time within five years after the date of the judgment, without any order of the court. Section 283 of the Code expressly provides for such a case, whether the judgment had been recovered theretofore or should be thereafter.·

The question then arises, whether, after the lapse of five years, the plaintiffs should have applied for leave to issue execution, or whether the order made in 1851 can be considered as a substitute for such permission.

I cannot adopt the conclusion that the order of April, 1851, made for the purpose of avoiding the irregular proceedings on the first executions, can have the effect of satisfying the provisions of section 284 of the Code, and thereby sanctioning the issue of the last executions, although more than five years from the date of the judgments had elapsed. That section provides that, after the lapse of five years from the entry of the judgment, an execution can be issued only by leave of the court, upon motion, with personal notice to the adverse party. To obtain such leave, it is necessary that satisfactory proof should be furnished that the whole or part of the judgment was due. The intent of this section evidently was, that if no execution issued before five years had expired from the date of the judgment, proof should

be furnished at that time of the amount remaining due upon the judgment, before the execution should be issued.

The order of 1851 was not intended for this purpose. A perusal of the papers must satisfy any one that the object of the order was, to get rid of the proceedings on the erroneous executions. The fact that two years had expired did not render the order necessary, because, as I have shown before, the execution might have been issued within five years without such order— and no other object could have been intended. My construction of that section is, that the application can only be made after five years have elapsed from the date of the judgment. The law supposes the judgment to be unpaid for five years. After that time it presumes payment, and requires the plaintiff to show by proof that the judgment, either in whole or in part, is still unpaid. The defendant, on such an application, has a right to be heard as to what is remaining unpaid upon the judgment, after the lapse of five years from its date. If he is concluded by an order made before two years have elapsed, the object of the section is defeated.

I think the order at special term should be reversed, and the motion to set aside the executions granted; but, as the question is new, no costs should be allowed on this motion to either party.