Robertson, J.
The Revised Statutes (vol. 1, p. 739, § 148) provide that every grant of Énds shall be absolutely void, if at the time of the delivery thereof they shall be in the actual possession of another claiming under a title adverse to that of the grantor; this is substantially the same as the Revised Laws of 1813. (Yol. I, 173, § 8.) The plaintiff’s case requires that such statute should be read as though it made such grant void only in a court of law, but allowed the full benefit of it to be obtained in a court of equity, by simultaneously calling upon the grantor to recognize the title of the grantee, and compelling the claimant under an adverse possession, to surrender it. The process of reasoning, by which it is proposed to accomplish this result, is apparently simple, and is as *501 follows: The party claiming adversely is, of course, not entitled to hold against the former real owner and grantor of the plaintiff, and such grantor is not entitled to hold against the plaintiff, (Livingston v. Proseus, 2 Hill, 526, 529,) therefore, the adverse tenant is not entitled to hold against the plaintiff; this, however, leaves one gap, to wit: that the statute in question disables some of those, who otherwise would have a right to the land, from its recovery. Whatever may be the disfavor, into which the statute has fallen, courts are still bound to enforce it, leaving the Legislature to carry that disfavor if it exist to its conclusion, viz., a: repeal. ° It was enacted to prevent actions being brought for land, except, either by those who were dispossessed of them, or those whom the law made their representatives, and to discourage acts of maintenance. The plaintiff would have its object to be simply to compel a party to have recourse to a court of equity instead of a court of law. Ho such purpose, has ever been suggested before for such statute. There is no doubt, that, in every case like this, counts might formerly have been inserted in a declaration, claiming under both grantor and grantee; so, that, if the grantor had actually had previous possession the grantee might recover. It is equally true that, although the whole truth must be told, under the present system, there is no difficulty in recovering under it by stating the conveyance to the plaintiff and omitting to state the adverse possession, if there is any doubt about it; because, if it be certain, the grantee’s right to possession must fail. I do not see that the plaintiff could ever have maintained, in its proper sense, the action in her own name if the possession was adverse. She might have carried it on in another’s name; but so far as she was concerned the issues must be decided against her. Winter is, certainly, entitled to sue, and is, therefore, the real party in interest; until he recover the plaintiff is bound to abstain from suing.
The error of the reasoning on behalf of the plaintiff *502 lies, in supposing that without the future action of her grantor, she has gained an immediate right to the land; this would repeal the statute entirely. The law so far tolerates the conveyance to a grantee, of lands held adversely, as to acknowledge his right when his grantor has recovered the lands; hut, as the law does not permit lawsuits for land to be sold, the grantee is dependent upon the volition of the grantor for realizing his purchase. It is true, the party holding adversely cannot set up the conveyance by his adversary against him, for it does not injure him; but this is different from allowing a party to accomplish what the statute meant to defeat, to wit, the promotion of litigation.
, , It is not strictly accurate to say the plaintiff could, under the circumstances, of this case, before the adoption of the Oode, have recovered ,• for the complaint alleges that the defendant, Winter, refuses to bring any suit. Will it be pretended that any authority, before the Oode, sanctioned a suit brought by her, without his consent in his name, or her own, at her election ? If so, no section of the Oode has altered it, and there is no need of making Winter a party. The statute of 1862 would be in such case useless, and half the prayer for relief sotight. in this action would be superfluous. Undoubtedly that statute sanctions actions hereafter brought by the grantee in the grantor’s name; but it no where sanctions actions in the grantee’s name. Until that change was made, the plaintiff could not have obtained any relief in the grantor’s name, without his consent; and the .argument of the learned counsel, ixxWillimis v. Jackson, (5 Johns., 491,) was perfectly sound, with a single qualification, that a person in possession of land may hold it forever, provided the party dispossessed ■ does not bring .a suit in his own name. He cannot sell the right of action to others.-
Various anomalies are proposed in this case, as, for example, that Winter shall recover judgment in a suit in which -he is defendant, and lose the fruits of it forthwith by. a simultaneous judgment against him in the plaintiff’s *503 favor; these are clearly two different causes of action. They do not arise out of the same transaction, one growing out of the dispossession, the other out of the deed; nor out of transactions connected with the same subject of action, the land not being the subject of the action, but its wrongful possession, (Durkee v. Saratoga and Wash. R. R. Co., 4 How. Pr., 226; 2 Code R., 145; Colwell v. N. Y. & Erie R. R. Co., 9 How. Pr., 311; Coster v. Same, 5 Duer, 677,) and clearly the cause of action against each defendant does not affect the other. (Code, § 167.)
The complaint is also defective on the plaintiff’s own theory, since it does not allege that Kelly ever had adverse possession, but only that he claims that he claimed it. This would not make the grant to the plaintiff void, nor show any necessity to make Kelly a party to the relief sought against Winter.
But the complaint is defective on the merits, because no equity could formerly arise from a deed declared void, so far as it undertakes to confer any rights to sue a third person; and this action was commenced before the late statute, and is not iff the grantor’s name.
The order should be affirmed with costs.
White, J., concurred in affirming the order.