KATHERINE PALMER, Respondent, *v.* GEORGE JONES, and Others, Appellants.

*Usury — compensation for a loan of credit — cancellation of an usurious instrument — equitable relief — no adequate remedy at law — pleading supplemented by proof.*

While it is competent for one to lend his credit to another and receive compensation therefor, yet this rule of law will afford no protection to persons who simply resort to this as a legal form to cover up a usurious transaction.

While, under the provisions of the Code of Civil Procedure, the objection that a complaint does not state facts sufficient to constitute a cause of action is available at any stage of the case, yet where a cause of action is set forth and an answer thereto is interposed, the court is at liberty to afford such relief, legal or equitable, as upon the facts proved should be accorded.

The complaint in an action in equity brought to obtain the cancellation of a chattel mortgage, on the ground that it was tainted with usury, alleged that the defendants had threatened to sell and remove the furniture of the plaintiff summarily under the chattel mortgage, "by reason whereof irreparable loss and damage will be sustained by the said plaintiff, the amount of which it is at present impossible definitely to compute."

No demurrer was interposed to the complaint, and an answer was served which contained no allegation that the plaintiff had an adequate remedy at law, and the objection that the complaint did not allege that the plaintiff had no adequate remedy at law was raised at the trial for the first time. The proof on the trial showed that the chattel mortgage acted as a bill of sale, and that an action in replevin would fail to repair the injury resulting from a seizure of the property thereunder, and the plaintiff was granted the relief sought.

*Held,* that as the proof, supplementary to the complaint, disclosed a state of facts which called for the interposition of a court of equity to prevent a threatened injury to the plaintiff for which it was shown there was no adequate remedy at law, the court was not compelled to turn the plaintiff out of court on account of the alleged insufficiency of the complaint, but was authorized to grant such relief as the proof showed that the plaintiff was entitled to.

Appeal by the defendants, George Jones and all other defendants (except the defendant Jas. C. de La Mare), from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the city and county of New York on the 5th day of January, 1893, upon the decision of the court rendered after a trial at the New York Special Term, directing the delivery by the defendants to the plaintiff, of certain promissory notes and a chattel mortgage, and that the same be canceled.

*James C. de La Mare,* for the appellants.

*John V. Bouvier, Jr.,* for the respondent.

O'Brien, J. :

This suit was brought in equity for the cancellation of certain promissory notes made by plaintiff and indorsed by her in blank, secured by a chattel mortgage, and for the cancellation of said mortgage, upon the ground that both notes and mortgages were tainted with usury.

The evidence was sufficient to support the conclusions of the learned trial judge, that the whole scheme arranged by defendants, the Forgotsons, was resorted to as a cloak to evade the statute against usury. Nothing upon the facts need be added to the very satisfactory opinion of the court below. The claim that the extortionate amounts exacted from plaintiff were compensation for the guaranty given by defendants is effectually disposed of in such opinion. It is entirely competent for one to lend his credit to another and receive a compensation therefor, but this rule of law will afford no protection to persons who resort to a legal form with a view of covering up a usurious transaction.

The only serious questions urged relate to the sufficiency of the complaint as setting forth an equitable cause of action and the failure therein to allege that the plaintiff has no adequate remedy at law. The complaint does allege :

" That the said chattel mortgage constitutes the vital part of the said loan and is tainted with the same fraud and illegality that affects the promissory notes given by plaintiff to defendants upon the same transaction, which said notes are still in the defendants' possession.

" That the said defendants have threatened to sell and remove the furniture of this plaintiff summarily under the aforesaid chattel mortgage, by reason whereof irreparable loss and damage will be sustained by the said plaintiff, the amount of which it is at present impossible definitely to compute."

These allegations are claimed to be insufficient, and we are referred to *Allerton* v. *Belden* (49 N. Y. 373), which has been cited with approval in subsequent cases, and which holds that " the mere fact that a party has made an agreement or given a security which is void for usury is not sufficient to entitle him to apply to a court of equity to have the contract annulled. The right to this relief exists only when, from the form of the security, the defense cannot be made available at law, or where the instrument sought to be voided is a cloud upon the title to land, or some other necessity for the interposition of a court of equity is shown."

It will be noticed that in that case, as in others that might be referred to, the question was presented by a demurrer to the complaint. In this case, however, no demurrer was interposed, nor was

there any allegation in the answer that the plaintiff had an adequate remedy at law. Instead, the defendant submitted himself to a court of equity, and for the first time availed himself of this objection by a motion at the opening of the case. The court having taken the motion under advisement, proceeded with the proof, and thereafter held, upon the complaint as supplemented by such proof, that it was evident that the plaintiff had no adequate remedy at law, and that within the cases it was clear that, if the plaintiff was obliged to resort to an action to replevy the property after it had been taken from her possession, this would have resulted in irreparable damage, which the court upon the evidence presented should not allow. As shown by the terms of the mortgage itself, it acted as a bill of sale, and under it the defendants could have entered into possession and forcibly taken from under plaintiff's control the property covered by the chattel mortgage, leaving her thereafter to her remedy by an action of replevin, which, as clearly shown by the opinion of the court below, would fail to repair the injury thus resulting from a seizure of the property. In denying the motion, therefore, at the end of the proofs, the learned trial judge correctly held that, even though the complaint might have been insufficient, yet supplemented as it was by the evidence, to which the complaint might be made conformable, it was the duty of the court to proceed to give the plaintiff such relief as upon the evidence it was shown she was entitled to.

We see no reason to interfere with the conclusion thus reached. The defendant having interposed an answer and proceeded to trial without in any way raising this point or including it in any way by way of defense, it is doubtful if for the first time it could be raised when the trial was actually begun. In other words, where the answer does not allege that the plaintiff has an adequate remedy at law, it is questionable whether this can be availed of upon the trial to defeat such relief as the plaintiff may show that she is entitled to. In *Metropolitan El. Ry.* v. *Manhattan Ry.* (14 Abb. N. C. 208), it is said by the learned judge writing the opinion in that case : " Even if I, however, could find that there was no ground for equitable relief, yet if the facts proven showed that the party was entitled to legal relief, the bill could not be dismissed." In the reporter's notes to this case will be found several cases that fully sustain this

view. Thus in *Van Voorhis* v. *Kelly* (65 How. Pr. 300), it was held that where the plaintiff was entitled to some equitable relief, the action must be retained for that purpose. And again in the reporter's note, at page 104, it is said: "If the complaint states facts constituting a cause of action, and defendant answers, the court should afford the appropriate relief, whether the frame of the complaint be legal or equitable" — citing 12 N. Y. 336, and other cases.

While, therefore, under the provisions of the Code, the objection that a complaint does not state facts sufficient to constitute a cause of action is available at any stage, yet where a cause of action is set forth and an answer thereto is interposed, the court is at liberty to afford such relief, legal or equitable, as upon the facts proved should be accorded.

Here the complaint alleged the making of the chattel mortgage and promissory notes, and that the defendants threatened to sell and remove the furniture of the plaintiff summarily, and that by reason thereof plaintiff would sustain irreparable loss and damage. While it is true the exact character of the mortgage and its terms and ·conditions to support this statement are not set forth, we think this was sufficient to permit the court to proceed, and on proof being presented showing that the mortgage itself was practically a bill of sale under which the defendants could summarily remove the property, a case was made out which conferred upon a court of equity the right to interpose to prevent the threatened injury, and it could, as suggested by the trial judge, conform the pleadings to such proof. Having seen therefrom that the plaintiff had no adequate remedy at law, the judge was not obliged, either at the beginning of the trial or at the close of the testimony, the question not being raised by the answer, to turn the plaintiff out of court.

We are of opinion, therefore, that the case was correctly disposed of, and that the judgment should be affirmed, with costs and disbursements.

VAN BRUNT, P. J., and INGRAHAM, J., concurred.

Judgment affirmed, with costs and disbursements.