(6 Misc. Rep. 347.)

### CLOVER v. SILVERMAN et al.

(Superior Court of New York City, General Term. December 29, 1893.)

1. USURY—REMEDIES—ENJOINING FORECLOSURE.
   A sale under a chattel mortgage securing a usurious loan will be enjoined.
2. SAME—CONTINUING INJUNCTION PENDENTE LITE.
   An order continuing an injunction pendente lite will not be disturbed because it is not averred in the complaint that plaintiff has not an adequate remedy at law, where, at the time the order was made, no answer had been served or read in opposition to the motion.

Appeal from special term.

Action by Sarah Clover against Louis Silverman and the Commercial Credit Company. From an order continuing an injunction pendente lite, defendants appeal. Affirmed.

Argued before FREEDMAN and GILDERSLEEVE, JJ.

Warner & Crawford, for plaintiff.

Thornall, Squires & Pierce, (Franklin Pierce, of counsel,) for defendants.

GILDERSLEEVE, J. This action is for an injunction restraining the defendants from taking, or in any way interfering with,

certain furniture covered by a chattel mortgage given by plaintiff to the defendant the Commercial Credit Company. The plaintiff also asks, in her complaint, that the promissory note, the payment of which said mortgage was given to secure, together with said mortgage, be brought into court, declared void, and canceled, on the ground of usury. The first alleged cause of action charges fraud in inducing the execution and delivery of the mortgage. This cause of action is without merit, for the reason that the plaintiff signed both the mortgage and the schedule, and the law presumes that she knew and understood their contents. The allegations of usury set forth in the second alleged cause of action are sufficient to sustain the action. The appeal under consideration is from an order of the special term, continuing an injunction pendente lite, restraining the defendants from interfering in any manner whatsoever with the furniture of the plaintiff, covered by the mortgage. At the time the order was made, no answer to the complaint had been served by defendants, or either of them, nor was any answer read, upon the argument in the court below, in opposition to the motion. It is now urged that the order was improperly granted, for the reason that it does not appear in the complaint "that the plaintiff has not an adequate remedy at law." The question of remedy was not raised by answer or demurrer. The decision of the court below seems to be in accord with the rule laid down in Palmer v. Jones, 69 Hun, 240, 23 N. Y. Supp. 584. See, also, Ehrgott v. Forgotston, (Super. N. Y.) 17 N. Y. Supp. 381. It did not appear at the time of the argument, or before the decision under consideration was made, what position the defendants would take, either by answer or demurrer, on the question of remedy. From an examination of the defendants' affidavits, and especially the exhibits to which they refer, it is manifest that the plaintiff is mistaken as to the amount of the note and the name of the payee, and also as to the maker of the check for $150. These matters were fully within the knowledge of the defendants, and the apparent discrepancies worked no injuries to the defendants, nor did they substantially affect the merits of the plaintiff's claim. The facts set forth in the second alleged cause of action, supported by the affidavits read upon the motion, meet the requirements, imposed by principle and authority, that warrant the court in affording equitable relief. Moreover, if it can be said that the question of "adequate remedy at law" has been properly raised, there was sufficient before the court below to justify the conclusion that the plaintiff had no adequate remedy at law. Were the defendants permitted to proceed under the mortgage, and sell the furniture, the injury done to the plaintiff could not easily be estimated in dollars and cents. The order appealed from must be affirmed, with $10 costs and disbursements.