payment, to that extent, upon the purchase price which the defendant contracted to pay. It is conceded that such purchase-money mortgage must be treated as real estate in the custody of the committee, and it is also plain that a committee has no authority to sell or dispose of a lunatic's real estate except by order of the court. Code, § 2339. For that reason any act of the committee which practically operated to exchange the purchase-money mortgage so in his custody, or any portion thereof, for another and a worthless one, was without authority, and in excess of his powers. It would hardly be contended that if the committee, without any order of the court, had conveyed a farm of the lunatic's to the defendant in exchange for such mortgage, a title could be so acquired by defendant which he could hold against the lunatic or his heirs, nor that such a title could be sustained upon the theory that defendant had the right to presume that the committee had procured the proper order. And, inasmuch as the committee had no more authority to dispose of this mortgage than he had to sell a farm, it is difficult to see how he could lawfully accept the transfer of any property in exchange for, or as a satisfaction of, it. It is because this mortgage in the committee's hands must be considered as real estate that the case of Pickersgill v. Read, 5 Hun, 170, is not applicable. It was said by Justice Martin when the case was here before that Walrath, the committee, being at most a mere agent of the court, had no power to discharge the defendant's indebtedness without actual payment. It was also there said that it was not apparent "how the defendant could discharge his liability to pay the purchase price by an assignment of a mortgage to Walrath, who was not authorized by the court to receive it." These remarks seem as applicable to the case now as they were then, and seem decisive of this appeal. 75 Hun, 452, 27 N. Y. Supp. 529. Moreover, it is apparent from the facts now before us that both the defendant and the committee were ignorant of the worthlessness of the Nelson mortgage; hence the case is one of a mutual mistake of facts, and the receipt of the Nelson mortgage under such circumstances cannot be considered as payment on defendant's original debt. Such was the decision when the case was here before, and it is as applicable now as it was then. See 75 Hun, 453, 27 N. Y. Supp. 529, and cases there cited. As to the right of these plaintiffs to maintain this action, that question was settled in their favor when the case was here before, and is not now an open one. We therefore conclude that the court below erred in holding that the purchase price had been fully paid, and for that reason dismissing the plaintiff's complaint. The judgment should be reversed, and a new trial granted, with costs to abide the event. MERWIN, J., concurred. HARDIN, P. J., not voting.

---

WALSH, Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. June 17, 1896.) Action by Mary Walsh against the New York Central & Hudson River Railroad Company. No opinion. Judgment and order affirmed, with costs.

WARNER, Respondent, v. WHITE, Appellant. (Supreme Court, Appellate Division, Third Department. May 21, 1896.) Action by Roswell Warner against Walter S. White, as executor of Celia O. Miller, deceased. No opinion. Judgment affirmed, with costs. All concur.

---

WARTMAN, Appellant, v. SEAMAN, Respondent. (Supreme Court, Appellate Division, Third Department. May 4, 1896.) Action by L. Starr Wartman against Elizabeth J. Seaman. No opinion. Judgment affirmed, with costs. All concur.

---

WEBER, Respondent, v. FORGOTSTON, Appellant. (Supreme Court, Appellate Division, First Department. June 5, 1896.) Action by Irene Weber and another against Etta Forgotston. J. C. De la Maro, for appellant. W. J. Lippman, for respondent.

PER CURIAM. So far as the questions of law are concerned, they are disposed of by the case of Palmer v. Jones, 69 Hun, 240, 23 N. Y. Supp. 584. So far as the facts are concerned, we entirely agree with the conclusion reached by the justice at the special term. The judgment should be affirmed, with costs.

---

WEIL et al., Respondents, v. CHRISTIE et al., Appellants. (Supreme Court, Appellate Division, Third Department. April 27, 1896.) Action by Alphonse Weil and others against George Christie and others. No opinion. Judgment affirmed, with costs. All concur.

---

WEILER v. EQUITABLE AID UNION. (Supreme Court, Appellate Division, Third Department. May 21, 1896.) Action by Frederick Weiler against the Equitable Aid Union. No opinion. Motion for leave to appeal to the court of appeals denied, without costs. See 36 N. Y. Supp. 734.

---

WELCH, Respondent, v. GREENE et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. June 17, 1896.) Action by Thomas H. Welch against George A. Greene and another, as administrators of the estate of Alfred Cheney, deceased. No opinion. Judgment affirmed, with costs.

---

WELLER, Appellant, v. COOKE, Respondent. (Supreme Court, Appellate Division, First Department. June 29, 1896.) Action by Maggie S. Weller against Elizabeth S. Cooke. H. R. Bayne, for appellant. R. L. Redfield, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

---

WHEELER & WILSON MANUF'G CO., Appellant, v. ELBERSON, Respondent. (Supreme Court, Appellate Division, Second Department. June 9, 1896.) Action by the Wheeler & Wilson Manufacturing Company against Joseph W. Elberson. No opinion. Order affirmed, with costs, on the ground that due diligence was not shown in searching for the correspondence prior to the trial, and because it does not seem probable that the writings subsequently recovered would produce a different result. All concur.