CHARLES COOPER, Respondent, *v.* WILLIAM TRIST BAILEY, Appellant.

*Execution, issued after five years from the entry of the judgment — not set aside because of an application for leave to issue it, made under a mistaken belief that an execution had not been issued within the five years — nor because a receiver of the debtor has been appointed in supplementary proceedings.*

A judgment creditor, upon whose judgment an execution was issued within five years after its entry, may issue a second execution after the expiration of such five years without application to the court, notwithstanding the fact that his attorneys, being unaware that any previous execution was issued, have made an application to the court for leave to issue a second execution which has been denied with leave to renew it upon further papers.

The fact that a receiver of the judgment debtor's property was appointed in proceedings supplementary to execution "several years ago," a reference on whose accounting is pending, and that no notice of the issuing of the execution was given to him nor leave to issue it obtained from the court, does not require that the execution be set aside as constituting a contempt of court — it not appearing that such receiver was appointed prior to the entry of the judgment.

APPEAL by the defendant, William Trist Bailey, from an order of the Supreme Court, made at the Kings County Special Term

and entered in the office of the clerk of the county of Suffolk on the 23d day of November, 1901, denying the defendant's motion to vacate and set aside an execution issued upon the plaintiff's judgment theretofore entered in the action, and to enjoin the plaintiff from issuing an execution upon said judgment.

The plaintiff has a judgment against the defendant of March 5, 1892, for $4,980, which has not been paid. At the time the judgment was recovered the property of the defendant was incumbered by mortgages. Foreclosure suits were begun in April, 1892, which are still pending. This plaintiff was made a party thereto. In June 1901, the plaintiff, upon notice to the defendant, asked leave of the court to issue execution on his judgment. At such time the plaintiff was ignorant that execution had been issued upon his judgment within five years after the entry thereof, but this was stated in the papers read by the defendant on the motion and was thereafter found by the defendant to be the fact. The Special Term denied the motion, with leave to renew upon further papers. Upon being advised by his counsel that he had the right to issue a second execution without leave of the court, the plaintiff issued it on June 28, 1901, and the sheriff advertised the defendant's equity in certain realty for sale. The defendant thereupon moved at Special Term to set aside such execution and to stay the plaintiff from issuing any execution on said judgment. The plaintiff deposes that the reason of his ignorance of the issue of the first execution was due to the fact that his action was not in charge of his personal attorneys, but was conducted by the attorneys for the bank which had discounted the note given by the defendant to the plaintiff, which note was the basis of the action resulting in his judgment. The Special Term (Mr. Justice MADDOX presiding) denied the motion, and the defendant appeals.

*Flamen B. Candler* [*Egerton L. Winthrop, Jr.*, with him on the brief], for the appellant.

*John C. McGuire*, for the respondent.

JENKS, J.:

I think that the order should be affirmed. The plaintiff could issue execution at any time within five years after the entry of judg-

ment. (Code Civ. Proc. § 1375.) But after five years, issue of execution was prohibited, without an order of leave made by the court, unless during that period an execution had been issued and returned wholly or partly unsatisfied or unexecuted. (Id. § 1377.) As it appears in this case that such execution had been issued within the said five years, the issue of the second execution was the legal right of the plaintiff, and no application to the court was necessary. (*Wade* v. *De Leyer*, 40 N. Y. Super. Ct. 541; appeal dismissed, 63 N. Y. 318; *Field* v. *Paulding*, 3 Abb. Pr. 139; *Wilgus* v. *Bloodgood*, 33 How. Pr. 290; *Van Rensselaer* v. *Wright*, 121 N. Y. 626, 630.)

I think that the application to the court for leave was not an election of inconsistent remedies. The plaintiff sought to issue execution, and his personal attorneys, unaware of the issue of any *previous* execution, applied to the court for leave, supposing that they were required to do so by section 1377. It was thereafter ascertained that, as plaintiff was within the exception of that statute, he could issue such execution as matter of right. The steps taken were merely in the procedure supposed to be necessary to enforce the same remedy — that of execution.

It appears by defendant's affidavit that "*several years ago*" a receiver in supplemental proceedings brought against deponent's property was appointed, who collected moneys; that a reference in his accounting was pending; that certain successors of said receiver were appointed, and that no notice of any intention to issue execution was ever given to such receivers. The point is made that the issuance of said execution, without such notice and without leave of court, was a contempt, and authorities are cited to the effect that an attempt to deprive an officer of the court of property in his possession is a willful contempt. It is to be noted that it nowhere appears that such receiver was appointed *prior* to the entry of plaintiff's judgment. Such receiver and his successors simply stood in the place of the plaintiff in the action at whose instance he was appointed. (*Kennedy* v. *Thorp*, 51 N. Y. 174.) In *National Bank* v. *Bussing* (147 N. Y. 670) the court, per BARTLETT, J., say: "It must be constantly kept in mind that the receiver is appointed in proceedings supplementary to the execution, and takes no such absolute title to real estate as would enable him to sell it when it is

subject to the lien of judgments and can be sold under executions issued thereon in the manner pointed out by statute and subject to all rights of redemption.  The receiver's title to the real estate is a qualified one in the nature of a security for the plaintiff in the judgment; it does not divest the debtor of the legal title, but the latter's conveyance of the premises would be subject to the claim of the receiver." (See, too, *Brown* v. *Chubb*, 135 N. Y. 174; *McCorkle* v. *Herrmann*, 22 N. Y. St. Repr. 519; *Bunn* v. *Daly*, 24 Hun, 526.)  I can see no contempt in the procedure of the plaintiff. The statute gave him a positive right to issue this execution, provided he had issued a previous execution, otherwise he must ask the leave of the court.  He sought a favor, not knowing that he had a right.  When he learned of his right, he proceeded upon it.  He did not require the favor, and did not press for it.

The order must be affirmed, with ten dollars costs and disbursements.

All concurred.

Order affirmed with ten dollars costs and disbursements.